James William **STIDHAM**, Petitioner,

v.

Harold R. **SWENSON**, Respondent.

Civ. A. No. 18711-2.

United States District Court, W. D. Missouri, W. D.

Nov. 5, 1970.

Petitioner appeared pro se.

John Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., for respondent.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS

COLLINSON, District Judge.

On February 18, 1970, Stidham filed a petition for habeas corpus which was denied by this Court by order entered on May 15, 1970. Stidham v. Swenson, 328 F.Supp. 1291, Civil Action No. 18121–2. Stidham filed a notice of appeal and a request for certificate of probable cause which was granted, along with leave to appeal in forma pauperis. On June 25, 1970, the Eighth Circuit Court of Appeals granted Stidham's motion to dismiss the appeal. At that time the Clerk of the Court informed Stidham that if he intended to renew his claims, he had to proceed anew in the district court.

On September 25, Stidham filed another petition for habeas corpus in this Court in which he, by reference to his prior petition, stated identical grounds for relief. Shortly before or at the same time he filed a motion to reinstate the appeal in the Court of Appeals, despite the instructions given to him when his appeal was dismissed. The Court of Appeals denied his motion.

The pertinent facts are set out in the order denying the petition for habeas corpus in Civil Action No. 18121–2 and need not be restated here. In that petition, Stidham stated seven grounds for relief, which were: (1) that he was tried and convicted upon a charge of conspiracy which was not included in the indictment; (2) that he was deprived of assistance of counsel at two critical stages of the proceedings against him; (3) that he did not knowingly or competently waive the assistance of counsel at any stage of the proceedings; (4) that certain members of the Missouri State Highway Patrol and personnel of the Missouri State Penitentiary exerted physical and mental punishment upon him to secure a confession from him; (5) that the trial judge admitted the confession into evidence without first making a clear and specific finding that the said confession was voluntary; (6) that Instruction No. 6 given at the trial did not fully set out the constitutional standards for the jury's guidance to determine the voluntariness of the said confession; and (7) that the state knowingly used perjured testimony of two convicts to obtain the conviction of petitioner.

By amendment to this petition herein, Stidham states an additional ground for relief, alleging that he was denied the right to confront and cross-examine a state's witness whose testimony as to certain implicating statements was objected to, the objection sustained, but the jury not instructed to disregard.

In regard to Stidham's seven allegations which are raised here for the sec-

ond time and upon which this Court denied relief in the prior petition (18121–2), it is unnecessary to restate our findings, and we readopt them here. However, one point—that he was denied counsel at arraignment and preliminary hearing—does merit further consideration.

Factually, there were two arraignments. The first was instituted by the prosecuting attorney on an information in the magistrate court. Although Stidham demanded counsel at that time, none was appointed. A plea of not guilty was entered for him. (V.A.M.S., § 546.020) Preliminary hearings were held as required by V.A.M.S., § 544.250. The information was later dismissed, and Stidham was arraigned again on an indictment returned by the Grand Jury of Cole County. At that time counsel (whom he had requested) was appointed for him. In the prior civil action (18121–2), we held that Stidham was not entitled to relief because the arraignment and preliminary hearing have been held not to be critical stages in Missouri. State v. Benison (Mo.Sup.) 415 S.W.2d 773; State v. Patrick (Mo. Sup.) 420 S.W.2d 258; Madison v. Tahash (C.A. 8) 359 F.2d 60; Donnell v. Swenson (W.D.Mo.) 302 F.Supp. 1024; Pope v. Swenson (C.A. 8) 395 F.2d 321; Nolan v. Nash (C.A. 8) 316 F.2d 776, 777.

Subsequent to our opinion in the prior habeas corpus action, the Supreme Court handed down Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, in which it was held that a preliminary hearing is a critical stage of a criminal proceeding, that counsel was essential to protect the accused against any erroneous or improper prosecution, and that the right of counsel under the Sixth Amendment is applicable to such proceedings.

■ Coleman was decided on June 22, 1970. The arraignment and preliminary hearing in question here occurred in 1955. Assuming, but not deciding, that Coleman would apply to the fact situa-

tion here, it must be determined whether or not Coleman is to be applied retroactively. Although the Supreme Court has not rendered a decision on this point, the Eighth Circuit Court of Appeals has expressly held that Coleman is not retroactive. Konvalin v. Sigler (C. A. 8) 431 F.2d 1156. Therefore, in line with our controlling court, we hold that Coleman does not apply retroactively to this situation.

Stidham's latest contentions are that he was denied the right to confront and cross-examine one Officer Eitzman who "testified before the jury and judge that he took statements implicating petitioner in the murder he was on trial for;" and that the testimony of Eitzman in regard to these implicating statements was objected to, the objection sustained, but the jury was not instructed to disregard it.

■ Stidham claims that he exhausted his state remedies in regard to these contentions because the Missouri Supreme Court decided them adversely to him on his direct appeal. State v. Stidham, 305 S.W.2d 7. However, a review of that case shows that Stidham did not raise the issue that he was denied the right to confront and cross-examine Officer Eitzman in regard to alleged implicating statements. Nor was the issue raised in any of Stidham's appeals to the Missouri Supreme Court from denials of his 27.26, V.A.M.R., motions. See State v. Stidham (Mo.Sup.) 403 S.W.2d 616; 415 S.W.2d 297; 449 S.W.2d 634. Since Stidham does have presently-existing and adequate state remedies to raise this contention, the contention must be dismissed without prejudice. See 28 U. S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

In his direct appeal from his conviction, Stidham did allege that the trial court should have instructed the jury to disregard the testimony of Eitzman in regard to implicating statements, after sustaining an objection to it. The Missouri Supreme Court found the issue in favor of the state.

■ The objected-to testimony of Eitzman was as follows: "I had talked to him and explained to him that I had a statement—" (Tr. 508). The trial court sustained the objection to what Eitzman told Stidham; ruled that the witness was not to testify or be asked what statements he made, or what statements he had from other parties; and determined that the jury did not need to be instructed to disregard because nothing damaging had been said when the defense halted the testimony by its objection. (Tr. 508–511)

There does not appear to be a denial of a federally-protected right by the trial court's determination not to instruct the jury to disregard Eitzman's incomplete remark. Therefore, no relief can be granted by this Court.

For the foregoing reasons, it is

Ordered that leave to proceed in forma pauperis be, and it is hereby, granted; and

Ordered that the petition for habeas corpus be, and it hereby is, denied.