Frederick JX MARTIN, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

No. 75 CV 747–W–1.

United States District Court,
W. D. Missouri, W. D.

Dec. 31, 1975.

On Pro Se Motion for a Prompt
Hearing Feb. 19, 1976.

Order Dismissing Petition for Federal
Habeas Corpus Without Prejudice
March 16, 1976.

Frederick JX Martin, pro se, initially, and then David R. Freeman, Federal Public Defender, Kansas City, Mo., for petitioner.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDA AND ORDERS

JOHN W. OLIVER, District Judge.

### Introductory Statement

In *Lee v. Wyrick*, (W.D.Mo.1974) 383 F.Supp. 623, we were required to consider new rules adopted by the Supreme Court of Missouri and made effective January 1, 1972, in connection with the exhaustion question presented in that case. Those rules were promulgated in light of the amendment to Article V of the Constitution of Missouri which became effective on that date. The exhaustion question presented in that case had not been theretofore determined by this Court.

In its consideration of that case, this Court made appropriate inquiry of the Supreme Court of Missouri in regard to whether the changes made in Missouri's judicial system by the amendment of Article V of the Constitution of Missouri would differ materially from the practice which formerly existed in regard to motions to transfer from a Division of the Supreme Court of Missouri to the Supreme Court of Missouri en banc, as those courts were constituted under the old Constitution. As a result of that inquiry, we concluded that:

> In light of the substantial changes in the judicial system of Missouri, and in light of the indication from the Missouri Supreme Court that a substantial number of transfers would be made by the various new Courts of Appeal and by the Supreme Court itself, we believe it clear that principles of comity require this Court's determination that unless and until a particular state prisoner has unsuccessfully sought transfer under the applicable new rules, he may not properly be said to have exhausted his available state court remedies.

The petition for federal habeas corpus was denied in *Lee v. Wyrick*, without prejudice to the petitioner's right to exhaust available state court postconviction remedies in accordance with Missouri Rule 84.08, which authorizes all appellate courts in Missouri to "suspend or modify its rules in a particular case upon a showing that justice so requires." The exhaustion rule established in *Lee v. Wyrick* was approved by the Eighth Circuit Court of Appeals in *Triplett v. Wyrick*, No. 75–1181 (8th Cir. October 22, 1975).

The federal exhaustion rule stated in those cases is based upon the following ground:

> In recognition of this Court's knowledge of the liberality which the Missouri

courts have exercised in the past under similar circumstances, we are confident that Rule 84.04 would be utilized by the Missouri courts and that no question of timeliness under the circumstances would stand as a barrier to the petitioner's effort to exhaust available state remedies in this case. [383 F.Supp. at 624–625]

The three memoranda opinions handed down in the pending case illustrate the construction and application of Missouri Rule 84.08 by the Missouri Court of Appeals, Kansas City District, in a manner consistent with the exhaustion rule stated in *Lee v. Wyrick*, approved and followed in *Triplett v. Wyrick*.

We have directed publication of the three memoranda opinions in this case for the purpose of illustrating the manner in which Missouri Rule 84.08 may be effectively utilized in connection with a particular state prisoner's duty to exhaust available state court postconviction remedies before seeking to invoke federal habeas corpus jurisdiction.

## MEMORANDUM AND ORDER OF DECEMBER 31, 1975

The response to our order to show cause establishes that substantial questions are presented in regard to whether petitioner has exhausted available state court remedies. Exhibits F, G, H, and I attached to the respondent's response reflect that after the Missouri Court of Appeals, Kansas City District, affirmed petitioner's conviction, see *State v. Martin*, 525 S.W.2d 804 (1975), petitioner filed a *pro se* petition for writ of habeas corpus in the Supreme Court of Missouri on July 25, 1975. The petition was apparently denied by the Supreme Court on September 8, 1975 without prejudice to petitioner's right to file a Rule 27.26 motion in the Circuit Court of Jackson County, Missouri. As shown by Exhibit H, petitioner then filed a *pro se* application for a rehearing in the Supreme Court and in a letter to the Clerk of the Missouri Supreme Court dated October 14, 1975, stated that his appellate attorney "abandoned me after the

Appeals Court affirmed my conviction and I was unaware of this procedure at the time."

Exhibit I suggests that the Clerk of the Supreme Court of Missouri treated petitioner's application for a rehearing of the Supreme Court's action denying petitioner's *pro se* petition for a writ of habeas corpus as an application to transfer the case from the Missouri Court of Appeals, Kansas City District, to the Supreme Court of Missouri. The Clerk advised the petitioner on October 20, 1975 that his application for rehearing, which the Clerk treated as an application to transfer, was not timely filed and that "the rules make no provision for late filing of such applications."

■ The files and records show that the petitioner apparently did not file a timely application to transfer in the Missouri Court of Appeals, Kansas City District, under Rule 83.02, V.A.M.R. Nor did petitioner thereafter file a timely application for transfer in the Supreme Court of Missouri under Rule 83.03, V.A.M.R. The files and records do not show that petitioner has ever attempted to make any showing, pursuant to Rule 84.08, V.A.M.R., in the Missouri Court of Appeals, Kansas City District, as to why justice may require a suspension of the time limitation of Rule 83.02 in order that a motion for transfer be filed and considered in that court. If, as a matter of fact, petitioner's appellate counsel did, as petitioner alleges, abandon the petitioner and failed to advise him of his rights to have a Rule 83.02 motion filed on his behalf, we would assume that the Missouri Court of Appeals would exercise its power to modify the time requirement of Rule 83.02 in this particular case. Should the Missouri Court of Appeals, Kansas City District, exercise power under Rule 84.08, see *Lee v. Wyrick*, 387 F.Supp. 625 (W.D.Mo.1974) and *Triplett v. Wyrick*, No. 75–1181 (8th Cir. Oct. 22, 1975), and should that court deny the motion to transfer, it is apparent that a timely motion to transfer could then be filed in the Supreme Court of Missouri within the time permitted by Rule 83.03.

Petitioner's numerous *pro se* filings and petitioner's numerous letters to this and to

other courts have substantially complicated the presentation of what may be substantial questions of law. This Court, for example, has before it letters from the petitioner dated December 12, December 17, December 26 and December 29, 1975. Petitioner has transmitted what he has captioned "Petitioner's Answer to Respondents Reply to Order to Show Cause" and a motion for a prompt hearing. Petitioner requests this Court to forward copies of his various filings to respondent's counsel on the theory that petitioner was not able to undertake that responsibility on his own.

The exhibits attached to the respondent's response establish that petitioner needs the assistance of counsel. We shall appoint the Federal Public Defender's office to represent petitioner. We shall also rule petitioner's most recently filed *pro se* motions and enter an order directing that in the future petitioner shall correspond with his appointed counsel rather than with this Court in order that the confusion created by petitioner's *pro se* motions and his numerous letters be screened by competent counsel to insure that the merits of whatever claim petitioner may have under the circumstances not be further prejudiced by petitioner's *pro se* efforts.

Accordingly, it is

ORDERED (1) that petitioner's answer to respondent's reply be filed and that a copy be forwarded to counsel for the respondent. It is further

ORDERED (2) that petitioner's motion for a prompt hearing should be and the same is hereby denied. It is further

ORDERED (3) that David R. Freeman, Esq., Federal Public Defender, and R. Thomas Day, Esq., Thomas Bradshaw, Esq., H. David Robards, Esq., and Ronald Hall, Esq., Assistant Federal Public Defenders, 1124 Scarritt Building, 818 Grand Avenue, Kansas City, Missouri 64106, should be and they are hereby appointed to represent the petitioner in the above captioned action, to take any and all action on petitioner's behalf which may be appropriate under the circumstances. It is further

ORDERED (4) that the petitioner direct his correspondence to his appointed counsel rather than to this Court. In the event petitioner persists in continuing to flood this Court with his correspondence, this Court will simply direct that such correspondence be forwarded to petitioner's appointed counsel.

### ON PRO SE MOTION FOR A PROMPT HEARING

■ In spite of the fact that this Court has permitted petitioner to proceed *in forma pauperis* and in spite of the fact the Federal Public Defender has been appointed to represent petitioner in this Court, the petitioner has filed a *pro se* motion for a prompt hearing. That motion will be denied for reasons we now state.

Petitioner's motion contains a partial statement of the factual circumstances of this case, conveniently omitting all reference to petitioner's unsuccessful effort to get the Court of Appeals for the Eighth Circuit to direct this Court to proceed in a manner in accordance with his adamant view that he is presently entitled to a hearing on the merits of his pending federal habeas corpus petition filed in this Court. Once again, petitioner asserts that "this Court has jurisdiction to entertain this petition and hold a hearing on the merits therein, pursuant to 28 U.S.C.A. 2254." Petitioner does not make reference to § 2254(c), which expressly states that "an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, *by any available procedure*, the question presented." [Emphasis added]. This Court in *Lee v. Wyrick*, (W.D.Mo.1974) 383 F.Supp. 623, and the Court of Appeals for the Eighth Circuit in *Triplett v. Wyrick*, No. 75–1181 (8th Cir. Oct. 22, 1975), have taken appropriate notice of Missouri Rule 84.08, which authorizes the Missouri Court of Appeals, Kansas City District, and the Supreme Court of Missouri to "suspend or modify its rules in a particular case upon a showing that justice so requires."

It has now been established in this case that the petitioner did not file a Missouri Rule 83.02 motion in the Missouri Court of Appeals to have his case transferred to the Supreme Court of Missouri. It is also established that petitioner did not file a Missouri Rule 83.03 motion in the Supreme Court of Missouri. The cases of *Lee v. Wyrick* and *Triplett v. Wyrick, supra,* make clear that petitioner has a right under Missouri law, specifically Rule 84.08, to file an appropriate motion in the Missouri Court of Appeals, Kansas City District, to suspend or modify its rules and to permit a Missouri Rule 83.02 motion to be filed in that court. Should the Missouri Court of Appeals, Kansas City District, deny that motion petitioner would have a right to file a timely Missouri Rule 83.03 motion in the Supreme Court of Missouri. It is certain that it is impossible for this Court to say that the Missouri Court of Appeals, Kansas City District, would not find that justice requires a suspension or modification of Missouri Rule 83.02, to the extent of permitting such a motion to be filed out of time, under the circumstances of this particular case. For it has been established that petitioner likely was unaware of the necessity of filing a Missouri Rule 83.02 motion for the reason he had discharged his court appointed appellate attorney, who had been appointed after petitioner had discharged his court appointed trial attorney.

Petitioner's reliance upon language in *Smith and Green v. Hunter* is completely beside the point and has no application to the pending case. For the question presented in that case involved delay occasioned in the determination of whether the state prisoner involved should be permitted to proceed *in forma pauperis.*

■ Petitioner's reliance upon *Cain v. Missouri,* (8th Cir. 1975) 518 F.2d 1180, for different reasons, is not applicable. In that case, in sharp contrast to procedures followed in this case, "the district court did not inquire as to whether the petitioner deliberately by-passed the state procedures and thus waived his right to seek federal relief." There is no question that a state

prisoner may not be said to have deliberately by-passed available state court procedures unless it can be found that the petitioner has deliberately and knowingly waived those procedures.

■ The question presented in this case is not whether the petitioner deliberately and knowingly waived his right to file a Missouri Rule 83.02 motion in the Missouri Court of Appeals after the affirmance of his conviction. The question presented in this case is whether the petitioner presently is about to deliberately and knowingly waive his right to file an appropriate Missouri Rule 84.08 motion in the Missouri Court of Appeals, Kansas City District, and thereby be found to have deliberately and knowingly attempted to by-pass available state court remedies and thus waive any right to have his federal habeas corpus petition heard on the merits at any time.

*Humphrey v. Cady,* 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), reversed the Seventh Circuit Court of Appeals which refused to certify probable cause for an appeal from a district court which dismissed a federal habeas petition on the ground the petitioner's claims lacked merit and on the separate ground that petitioner's claims had been waived by his failure to present them adequately to the state court. In remanding the case to the district court, however, the Supreme Court did not order a hearing on the merits but directed the district court to determine "the extent of petitioner's knowledge and participation in" a failure to have filed a brief or "to take further action in the state courts." The Supreme Court directed the district court to hear the merits of the petitioner's claim *only* if it could not "find persuasive evidence of a knowing and intelligent waiver on the part of petitioner himself." Contrary to the district court in *Cain v. State of Missouri,* this Court has designed procedures under which an appropriate inquiry is being made as to whether or not the petitioner is going to deliberately and knowingly waive his right to file a Missouri Rule 84.08 motion in the Missouri Court of Appeals, Kansas City District. Indeed, this Court has personally advised the

petitioner that arrangements will be made to provide petitioner with the effective assistance of counsel in the Missouri Court of Appeals.

Petitioner, for the most part, has accepted the services of the Federal Public Defender although his letter of transmittal of his present motion states that he filed that motion *pro se* "because I asked the court appointed counsels [sic] to request a hearing for me but they have not done so." Petitioner erroneously states that "since they do not seem to want to help me, if I am granted the hearing I seek, I would request to exercise my right to self-representation." Petitioner must understand that most of his present troubles arise from the fact that he is convinced that he can represent himself better than counsel appointed for him can do so. We are confident that the Federal Public Defender's office will fully advise the petitioner of the dangers incident to his failure to file an appropriate Missouri Rule 84.08 motion in the Missouri Court of Appeals, Kansas City District, and to explain to him the probable consequences of such a failure.

For the reasons stated, it is

ORDERED (1) that petitioner's *pro se* motion for prompt hearing should be and the same is hereby denied. It is further

ORDERED (2) that a copy of this opinion be forwarded to the Clerk of the Court of Appeals for the Eighth Circuit in order that that Court may be properly advised of the latest action taken by this Court under the circumstances.

Petitioner is advised that this Court will not certify any appeal to the Court of Appeals for the reason that it is our judgment that such an appeal would be frivolous and not taken in good faith under applicable law.

## ORDER DISMISSING PETITION FOR FEDERAL HABEAS CORPUS WITHOUT PREJUDICE

In a memorandum opinion filed December 31, 1975, we noted that the response to our order to show cause established that substantial questions were presented in regard to whether the petitioner had exhausted available state court remedies. The files and records then before the Court established that the petitioner may not have filed in the Missouri Court of Appeals, Kansas City District, a timely Rule 83.02 application to transfer his case to the Supreme Court of Missouri and that petitioner may not have thereafter filed in the Supreme Court of Missouri a timely Rule 83.03 application for transfer of his case by the Supreme Court of Missouri under the latter Rule.

The files and records also showed that the petitioner apparently had never attempted to make any showing, pursuant to Rule 84.08 in the Missouri Court of Appeals, Kansas City District, as to why justice may not require a suspension of the time limitations of the Rules of that court in order that a motion for transfer could be filed out of time and considered on the merits by the Missouri Court of Appeals, Kansas City District.

Our memorandum opinion of December 31, 1975, consistent with familiar principles of comity, gave appropriate recognition to the fact that "Should the Missouri Court of Appeals, Kansas City District, exercise power under Rule 84.08, see *Lee v. Wyrick*, 383 F.Supp. 623 (W.D.Mo.1974), and *Triplett v. Wyrick*, No. 75–1181 (8th Cir. October 22, 1975), and should that court deny the motion to transfer, it is apparent that a timely motion to transfer could then be filed in the Supreme Court of Missouri within the time permitted by Rule 84.03." We accordingly appointed the Federal Public Defender's office to ascertain the factual circumstances and to represent the petitioner in connection with any and all action on petitioner's behalf which might be appropriate under the circumstances.

The Federal Public Defender conducted an appropriate investigation which confirmed the factual circumstances which were only apparent when we wrote our December 31, 1975 opinion. The files and records in this case now show that the Federal Public Defender accordingly pre-

pared and filed in the Missouri Court of Appeals, Kansas City District, an appropriate Rule 84.08 motion for leave to file out of time a motion for rehearing and an application to transfer to the Supreme Court of Missouri and for the appointment of counsel for petitioner. We are today in receipt of a letter from the Clerk of the Missouri Court of Appeals, Kansas City District, which enclosed a certified order entered by the Honorable Jack P. Pritchard, Chief Judge of the Missouri Court of Appeals, Kansas City District, entered on March 15, 1976, which reads as follows:

On this 15th day of March, 1976, the court takes up appellant's motion for leave to file out of time his motion for rehearing and an application to transfer to the Supreme Court of Missouri, and the court being satisfied that good cause for same exists, and that justice so requires such filing within Rule 84.08, it is

ORDERED, that leave be granted appellant to file said motion and application out of time, the same to be filed herein on or before the 30th day of March, 1976.

IT IS FURTHER ORDERED that the Public Defender of the 16th Judicial Circuit of Missouri be and he is hereby appointed as appellant's counsel to assist him in filing said motion for rehearing and application to transfer to the Supreme Court of Missouri, under the authority of § 600.045, Subd. 2, RSMo 1969 (Laws 1972, p. 1038, § 8).

The order entered by the Missouri Court of Appeals, Kansas City District, is consistent with this Court's understanding of the manner in which Missouri appellate courts construe and apply Rule 84.08 as stated in *Lee v. Wyrick, supra,* followed by the Court of Appeals for the Eighth Circuit in *Triplett v. Wyrick, supra.* The order of the Missouri Court of Appeals, Kansas City District, permits that court, and the Supreme Court of Missouri to determine whether each court should give further consideration of any federal question which may be presented on petitioner's direct appeal. As this Court noted in its memorandum opinion of December 31, 1975, the March 15, 1975 order entered by the Missouri Court of Appeals, Kansas City District, opens the way for the filing of a timely Rule 83.03 motion in the Supreme Court of Missouri in the event the Missouri Court of Appeals, Kansas City District, should deny the contemplated motion for rehearing and the Rule 83.02 motion which may now be timely filed in that court pursuant to its March 15, 1976 order. Under the circumstances, it is apparent that the petitioner has not exhausted available State court remedies and that his petition for federal habeas corpus should be denied without prejudice to permit exhaustion.

We are grateful to the Federal Public Defender for the manner in which he has discharged his duties under this Court's appointment and for rendering petitioner the effective assistance of counsel under the circumstances. We are confident that the Federal Public Defender will confer with counsel appointed by the Missouri Court of Appeals, Kansas City District, to make certain that petitioner's motion for rehearing and Rule 83.02 application to transfer to the Supreme Court of Missouri is filed on or before March 30, 1976 in the Missouri Court of Appeals, Kansas City District, pursuant to that court's March 15, 1976 order.

For the reasons stated, it is

ORDERED that the petition for federal habeas corpus should be and the same is hereby denied without prejudice in order to permit the petitioner to exhaust available State court postconviction remedies.