**Frederick JX MARTIN, Petitioner,**

v.

**Donald W. WYRICK, Warden,
Respondent.**

**No. 76 CV 380–W–1–R.**

United States District Court,
W. D. Missouri, W. D.

Dec. 17, 1976.

David R. Freeman, Federal Public Defender, Ronald L. Hall, Asst. Federal Public Defender, Kansas City, Mo., for petitioner.

John C. Danforth, Atty. Gen. of Mo., Robert Presson, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

This is the second time we are required to consider an exhaustion question presented in connection with the affirmance of petitioner's conviction by the Missouri Court of

Appeals, Kansas City District, in *State v. Martin*, 525 S.W.2d 804 (1975). When the case was first before us, see *Martin v. Wyrick* (W.D.Mo.1976) 411 F.Supp. 1069, we dismissed petitioner's earlier petition for federal habeas corpus in order to permit the Missouri Court of Appeals, Kansas City District, and the Supreme Court of Missouri an opportunity to consider the federal constitutional questions presented in petitioner's first federal habeas corpus petition. Our order of dismissal, entered March 16, 1976, 411 F.Supp. at 1074, shows that, pursuant to this Court's appointment, the Federal Public Defender filed in the Missouri Court of Appeals, Kansas City District, an appropriate Missouri Rule 84.08 motion for leave to file an out of time motion for rehearing and application to transfer to the Supreme Court of Missouri. When we were advised that the Missouri Court of Appeals, Kansas City District, had granted that motion and had appointed Thomas M. Larson, Esq., State Public Defender, to represent petitioner in that court, we dismissed the first habeas corpus petition without prejudice in order to permit the State courts an opportunity to decide the federal constitutional question presented.

Petitioner's second federal habeas corpus petition under present consideration alleges two separate federal claims. The first claim, which the parties refer to as the "self-representation issue," is grounded upon an alleged violation of Sixth Amendment principles enunciated in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), decided shortly before petitioner's conviction was affirmed by the Missouri Court of Appeals, Kansas City District, but not referred to by that court in its opinion. The second federal claim, which the parties refer to as the "confrontation issue," is grounded upon an alleged violation of Sixth Amendment principles enunciated in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

The parties have stipulated the authenticity of all relevant exhibits and other factual data. They are in complete agreement in regard to what occurred after the Missouri

Court of Appeals, Kansas City District, granted petitioner leave to file his out of time motion for rehearing and application to transfer to the Supreme Court of Missouri, and after it had appointed Mr. Larson to represent the petitioner in connection therewith.

The parties have stipulated that the *Faretta v. California* self-representation issue was specifically raised in both the motion and application to transfer filed on petitioner's behalf by Mr. Larson and also specifically raised in a *pro se* motion filed by the petitioner himself. The parties also agree that the *Illinois v. Allen* confrontation issue was not presented in any of the pleadings filed subsequent to this Court's dismissal of petitioner's first federal habeas petition. Petitioner, however, contends in regard to the *Illinois v. Allen* confrontation issue that such issue had been fairly presented to the Missouri Court of Appeals, Kansas City District, by reason of the following paragraph which was included in a brief filed by petitioner's court-appointed counsel on direct appeal:

> Mr. Katz and Mr. Haggarty likewise failed to keep appellant apprised of the occurrences at trial during appellant's absence. Appellant was removed from the courtroom for approximately four hours, his only representative in court being court-appointed counsel. *During that interval, Mr. Martin was given no opportunity to amend his behavior and return. Appellant alleges that this contravenes the guidelines set out in Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). [Emphasis added [by petitioner]]. (Petitioner's Brief on Issue of Exhaustion of State Remedies, page 5).

Although the Missouri Court of Appeals, Kansas City District, exercised discretion under Missouri Rule 84.08 to permit petitioner to file an out of time motion for rehearing and application of transfer, and although that court appointed the State Public Defender to act as petitioner's appellate counsel for the purpose of assisting him in filing that motion and application to transfer, the Assistant Attorney General

opposed petitioner's motion in the Missouri Court of Appeals, Kansas City District, on the procedural ground that petitioner's *Faretta v. California* self-representation claim had not been presented on direct appeal and therefore should not be considered on motion for rehearing. The Assistant Attorney General argued in the Missouri Court of Appeals, Kansas City District, that "matters raised for the first time on a motion for rehearing are to be disregarded."

On May 3, 1976, the Missouri Court of Appeals, Kansas City District, accepted that argument and refused to consider on the merits the *Faretta v. California* question which had been fully and fairly presented in the motion filed by the State Public Defender. That court entered the following order:

> The Court has this day overruled Appellant's Motion for rehearing because contention presented for first time on motion [for] rehearing and transfer to Supreme Court is denied because contention presented for first time on motion for rehearing.

Thereafter, a timely motion for transfer was filed in the Supreme Court of Missouri, in which petitioner's *Faretta v. California* claim was again fully and fairly presented. That motion was denied without opinion by the Supreme Court of Missouri on June 14, 1976.

In spite of the full and fair opportunity afforded both the Missouri Court of Appeals, Kansas City District, and the Supreme Court of Missouri to consider the merits of the *Faretta v. California* question after the dismissal of petitioner's first federal habeas petition, the Assistant Attorney General now contends in this Court that petitioner's second petition for federal habeas corpus, raising the identical *Faretta v. California* issue, should be dismissed on exhaustion grounds for the reason that "petitioner does, at the current time, have available to him an adequate and available state remedy, in that he can file a post-conviction action pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R."

■ The Assistant Attorney General concedes that a federal claim may be exhausted on direct appeal if that claim is fairly presented to the State appellate courts. But respondent argues that "If an issue *has not been determined on direct appeal* in the state courts, it is necessary for a prisoner to seek collateral postconviction relief in the state courts" [p. 4 of respondent's exhaustion brief, emphasis ours]. Respondent also argues in this Court that "Under Missouri state law, where a point is not presented in the motion for new trial, as in the instant case, the alleged error is not preserved for review. *State v. Yowell*, 513 S.W.2d 397, 402 (Mo. en banc 1974)."

We find and conclude that neither of the exhaustion arguments presented by respondent are tenable in regard to petitioner's *Faretta v. California* claims. We shall first discuss the State procedural rule relied upon by respondent. *State v. Yowell* is the only case cited and relied upon by the Assistant Attorney General.

II.

This Court was forced to consider and decide on the merits the Fourth Amendment search and seizure question presented to the Supreme Court of Missouri in *State v. Yowell*, 513 S.W.2d 397 (Mo. banc, 1974). See *Yowell v. Wyrick* (W.D.Mo.1975) 387 F.Supp. 421. The Supreme Court of Missouri had refused, by application of state procedural rules, to reach the merits of the federal constitutional question presented in that case.

The procedural circumstances leading to this Court's granting of federal habeas corpus relief in *Yowell v. Wyrick* were somewhat unusual in that the Missouri Court of Appeals, Kansas City District, had earlier rejected the Missouri Attorney General's argument that the federal constitutional question involved in that case had not been properly preserved for appellate review. The Missouri Court of Appeals, Kansas City District, in an unpublished opinion, did reach the merits of the federal constitutional question presented and concluded that the defendant's Fourth Amendment rights

had been violated under principles stated in both *In re J.R.M.*, 487 S.W.2d 502 (Mo. banc, 1972), and *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

The Supreme Court of Missouri, however, upon the application of the Missouri Attorney General, ordered the case transferred to that court where it was considered as on original appeal. The Supreme Court of Missouri did not conclude that the Missouri Court of Appeals, Kansas City District, had erred in the manner it had decided the federal constitutional question presented. Rather, the Supreme Court of Missouri affirmed the conviction without reaching the merits of the Fourth Amendment question by application of a procedural rule in regard to the steps that must be taken in order to preserve a Fourth Amendment question for State appellate review.

This Court, of course, was under duty to apply principles articulated in *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), and to consider the petitioner's federal claim on the merits. We stated that that task was "an easy task" in light of the "excellent opinion of the Missouri Court of Appeals, Kansas City District." We found and concluded that that court had reliably found the facts and properly applied the controlling federal law in its unpublished opinion and accordingly granted appropriate federal habeas relief. See 387 F.Supp. at 427.

The intermediate appellate courts of Missouri which have considered the procedural rule announced by the Supreme Court of Missouri in *State v. Yowell* apparently are not in agreement in regard to when that rule should or should not be applied. The procedural rule stated in that case must, of course, be read and applied in light of Missouri Rule 27.20(c), which has long provided that:

Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom. [V.A.M.R. p. 40]

The Missouri Court of Appeals, St. Louis District, has not read the Supreme Court's opinion in *Yowell* as a limitation upon its power to review federal constitutional questions on the merits, even though the questions were not properly preserved for appellate review. In *State v. Taylor* (Mo.Ct. App., St.L.Dist.1976) 538 S.W.2d 761, for example, the Missouri Court of Appeals, St. Louis District, agreed that the procedural rule set forth in *Yowell* had not been complied with and that the federal claim therefore "was not kept alive and is not preserved for review by this court." That court, however, considered the federal claim on the merits, stating "Although it is not required, this court has, *sua sponte*, reviewed the record and the trial transcript to determine if there was 'plain error' so that Rule 27.20(c) should be applied." [Id. at 764]. The Missouri Court of Appeals, St. Louis District, did substantially the same thing in *State v. Hall* (Mo.Ct.App., St.L. Dist.1976) 534 S.W.2d 508, explaining that the plain error "doctrine is applied on a case by case basis depending on the facts and circumstances of the case." The federal claim was ruled adversely to the defendant on the merits in that case.

The Missouri Court of Appeals, Kansas City District, however, apparently felt bound to apply the *Yowell* procedure rule in *State v. Hunter*, 530 S.W.2d 432 (Mo.Ct. App., K.C.Dist.1975). And such procedural rule, of course, was apparently applied by the Missouri Court of Appeals, Kansas City District, in the case now before this Court. It is interesting to note, however, that Judge Dixon stated the following in *Hunter:*

The fact that a Federal District Court opinion [see *Yowell v. Wyrick*, 387 F.Supp. 421 (Western Dist. Mo.1975)] holds that the Missouri rule of procedure cannot deprive the Federal courts of the power of review of the constitutional issue does not change this court's obligation to follow the last controlling decision

of the Missouri Supreme Court. Mo. Constitution, Art. 5, § 2. [530 S.W.2d 433, fn. 1]

*State v. Dayton*, 535 S.W.2d 469 (Mo.Ct. App., K.C.Dist.1976), may be said, except for the Missouri Court of Appeals, Kansas City District's order entered in that case, to reflect a possible departure from the Missouri Court of Appeals, Kansas City District's opinion in *State v. Hunter.* Judge Shangler recognized in *Dayton* that:

> Rule 27.20(c) which allows consideration on appeal of plain errors affecting substantial rights though not preserved for review does not propose to meliorate every trial lapse *but only those of constitutional dimension. State v. Beasley*, 404 S.W.2d 689, 690[1, 2] (Mo.1966); *State v. Murphy*, 521 S.W.2d 22, 25[2–4] (Mo.App. 1975). [535 S.W.2d at 475 (emphasis ours)]

Judge Shangler added in *Dayton* that "we would have been disposed to a review of the searches and seizures under Rule 27.20(c) had these issues been formulated by evidence on a motion to suppress, even though the defendant may not otherwise have objected to the admission of the evidence at the trial or assigned the error in the motion for new trial." The *Dayton* court, we think properly, refused to consider the Fourth Amendment question on direct appeal because, under the circumstances of that case, there had not been an appropriate development of the facts in the trial court, which had not been asked and which had not conducted an appropriate evidentiary hearing in regard to the Fourth Amendment question presented.[1]

*State v. Dayton* appropriately cited and relied upon the leading Missouri case of *State v. Beasley*, 404 S.W.2d 689 (Mo.Sup. Ct.1966). That case clearly states the reasons why a Missouri appellate court should utilize Missouri Rule 27.20(c) to consider and decide federal constitutional claims on the merits when such questions are fairly presented on direct appeal.

We shall discuss *State v. Beasley* and its progeny in the next part of this opinion in considerable detail for the reason that the principles stated in that line of Missouri cases reflect an acceptance of the suggestion made in *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), shortly after the Supreme Court had decided the federal habeas corpus trilogy of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 775 (1963); and *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). In *Henry v. Mississippi*, the Court stated that:

> The Court is not blind to the fact that the federal habeas corpus jurisdiction has been a source of irritation between the federal and state judiciaries. It has been suggested that this friction might be ameliorated if the States would look upon our decisions in *Fay v. Noia, supra,* and *Townsend v. Sain, supra,* as affording them an opportunity to provide state procedures, direct or collateral, for a full airing of federal claims. [379 U.S. at 453, 85 S.Ct. at 570.]

Appropriate utilization of Missouri's plain error Rule 27.20(c) provides an appropriate opportunity to Missouri appellate courts to decide on direct appeal all federal constitutional questions which are properly presented for determination. Experience in this Court and in federal courts generally establishes that the cases in which federal habeas relief are most frequently granted are those cases in which the State courts have refused, on procedural grounds, to reach and decide the merits of the federal constitutional question presented.

There are, of course, any number of federal constitutional questions which can not be said to be "properly presented" on direct

---

1. *State v. Dayton*, we think properly, concluded that:

There are constitutional errors which are legitimately refused consideration even under the plain error rule as where the procedures adopted to ensure orderly presentation and determination of such claims have not been met. Thus, a contention that a search and seizure were unlawful made for the first time on appeal may not generally be recognized. [535 S.W.2d at 475].

appeal because consideration of such federal claims may require additional evidentiary development which is not contained in the transcript of the trial proceedings. The criteria for making that determination was stated in the portion of *State v. Dayton* which we quoted in footnote 1, *supra.* On the other hand, there are any number of federal constitutional questions which may appropriately be said to be "properly presented" in that all factual matters necessary for the determination of such a question already appears on the face of the trial record without any necessity for the development of any additional factual circumstances in a subsequent proceeding. The *Faretta v. California* claim involved in this case is an excellent example of such a case.

■ The line of Missouri cases exemplified by *State v. Beasley* reflects a long and consistent recognition on the part of the Supreme Court of Missouri that ordinary procedural rules should be disregarded and its plain error Rule 27.20(c) should be utilized by all Missouri appellate courts to reach and decide federal constitutional questions on the merits on direct appeal under circumstances where no additional factual development of the federal question is necessary. Application of Rule 27.20(c) under those circumstances avoids piecemeal litigation, conserves judicial time of both State and federal judges, and reflects an appropriate recognition of the State's primary responsibility for the administration of criminal justice in cases tried in courts of Missouri.

### III.

In *State v. Beasley,* 404 S.W.2d 689 (Sup. Ct.Mo.Div. 1, 1966), Judge Hyde concluded over ten years ago that the Supreme Court of Missouri should consider an alleged violation of the Fifth Amendment even though the question had not been properly preserved in a timely filed motion for new trial. Judge Hyde, speaking for Division 1 of the Supreme Court of Missouri, held:

> We consider that we should rule on this contention under Rule 27.20(c) because a coerced confession can be challenged in a federal habeas corpus proceeding. [Citing and quoting from *Fay v. Noia, supra, Moore v. Dempsey,* 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543, and *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653.] Thus if the contention is true that defendant's confession was inadmissible, as being procured in violation of the Fifth and Fourteenth Amendments, its use would be plain error affecting substantial rights from which we should find that manifest injustice resulted. Therefore, we will consider this contention. [Id. at 690]

In *State v. Rapp,* 412 S.W.2d 120 (Sup.Ct. Mo.Div. 2, 1967) Judge Eager reached the same conclusion in regard to when Rule 27.20(c) should be applied for the same reasons. Judge Eager, speaking for Division 2 of the Supreme Court of Missouri, held:

> We rule here on the contention under Rule 27.20(c) the so-called "plain error" rule because a constitutional contention may be raised on habeas corpus or in a motion to vacate a judgment and conviction under either state or federal procedure. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, *Moore v. Dempsey,* 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. Thus, if it were true that the admission of the confession was in violation of the Fifth or Fourteenth Amendments, or both, its use would be plain error affecting substantial rights, from which manifest injustice might be found to result.[2] [412 S.W.2d at 123–124]

2. See also *State v. Holt,* 415 S.W.2d 761, in which Judge Eager made a similar application of Missouri Rule 27.20(c) in a Fourth Amendment case because a federal constitutional question was presented. And see *State v. Crane,* 420 S.W.2d 309 (Sup.Ct.Mo.Div. 2, 1967), where questions under the Fifth and Fourteenth Amendments were considered even though those questions had not been properly raised by specific objection at trial or preserved in a motion for new trial for the reason that the federal constitutional questions "could presumably be raised later by a motion to vacate the judgment and sentence pursuant to our Rule 27.26 or in federal habeas corpus proceedings."

The intermediate appellate courts of Missouri have likewise recognized that the failure to consider a properly presented federal constitutional question on direct appeal, because of an alleged failure to follow Missouri procedural rules, simply shifts the responsibility to decide such a question to the federal court system. In *State v. Heinrich,* 492 S.W.2d 109 (Mo.Ct.App., K.C.Dist.1973), for example, the Missouri Court of Appeals Kansas City District, said the following in regard to the applicability of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and its progeny:

> While it is apparent that this matter was neither properly presented nor preserved for review, and we are not requested to review this element of the case as plain error under Rule 27.20(c), V.A.M.R., we are compelled to do so *sua sponte* for the reason that federally guaranteed constitutional rights of the defendant are involved. [492 S.W.2d at 112]

The Missouri Court of Appeals, St. Louis District, also applied plain error Rule 27.20(c) in *State v. Henderson,* 510 S.W.2d 813 (Mo.Ct.App., St.L.Dist.1974), in a case in which the defendant had failed to comply with Missouri's procedural rule which required objection at the earliest opportunity. *Henderson* concluded that "we may consider a claim involving an alleged violation of a federal constitutional right to determine whether it constitutes plain error under Rule 27.20(c)".[3]

*State v. Williams,* 419 S.W.2d 49 (Sup.Ct. Mo.Div. 2, 1969) is perhaps the closest case from a factual viewpoint to the case at bar. That case, as does this case, involved a Sixth Amendment question. Although the federal question was not preserved in a motion for new trial, as required by Missouri's procedural rules, the Supreme Court of Missouri did not relegate the defendant to a postconviction Rule 27.26 proceeding. Rather, the Supreme Court of Missouri reached the merits of the Sixth Amendment question presented for the following reasons:

> Defendant's last point is that the trial court erred "in refusing [his] request that other counsel be appointed to defend him, thereby denying him rights guaranteed by the Sixth Amendment of the Constitution of the United States." This contention was not presented in the motion for new trial, but it is presented in the brief in "Anticipation of it being made hereafter in a motion to set aside his sentence under Supreme Court Rule 27.26." Denial of a constitutional right of counsel would constitute plain error affecting substantial rights within the meaning of Supreme Court Rule 27.20(c). Therefore, we shall rule this issue on this appeal. [419 S.W.2d at 53]

It is clear from what has been said that *State v. Yowell,* the sole case relied upon by respondent, does not support respondent's argument that "under Missouri law, where a point is not presented in the motion for new trial, as in the instant case, the alleged error is not preserved for review." The Missouri cases to which we have directed attention establish that since shortly after the Supreme Court of the United States decided its 1963 habeas corpus trilogy, the Supreme Court of Missouri has consistently exercised power to review federal constitutional questions properly presented on direct appeal under Missouri Rule 27.20(c) for the reason that a violation of the Constitution would be plain error which would af-

---

**3.** The principles stated in *State v. Beasley* over ten years ago in regard to Missouri Rule 27.20(c) have been consistently applied in numerous more recent Missouri cases in order that federal constitutional claims may be first decided on the merits by the State courts of Missouri rather than shifting the burden of that determination to the federal courts by reliance upon a state procedural rule. For further examples, see *State v. Reynolds,* 422 S.W.2d 278 (Sup.Ct. Mo.Div. 2, 1967), involving a *Brady v. Mary-*land, [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215] question; *State v. Martin,* 433 S.W.2d 565 (Sup.Ct.Mo.Div. 2, 1968), involving a *Miranda v. Arizona,* [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694] question; *State v. Cluck,* 451 S.W.2d 103 (Sup.Ct.Mo.Div. 2, 1970), also involving a *Miranda* question; and *State v. Hammonds* (Sup.Ct.Mo.Div. 2, 1970) 459 S.W.2d 365, involving a *Chambers v. Maroney,* [399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419], question.

fect the substantial rights of the defendant and that manifest justice would be denied by a failure to recognize a valid federal constitutional claim.

In the next part of this opinion we shall discuss the controlling federal cases which hold that the failure of a State appellate court to consider and decide on the merits a federal constitutional question fairly and properly presented on direct appeal does not constitute a failure to exhaust available State court remedies. We will discuss all of the federal cases cited and relied upon by the respondent. Indeed, only a few additional cases will be mentioned.

## IV.

Respondent's first case, *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), is cited to support the proposition that "the federal claim must be fairly presented to the state court." *Picard v. Connor*, of course, contains precisely that language, but that language may not be read out of context. As Judge Urbom noted in *Rice v. Wolff* (D.Neb.1974) 388 F.Supp. 185, 194, "the language of *Picard* and of *Fay v. Noia*, 372 U.S. 391 (1963), 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), is that of fair presentation and of an 'opportunity to pass upon.'" Judge Urbom properly stated that "Nowhere is there language suggesting that the state court must in fact pass upon the issue" and added that "The critical element is that the state court has had the first opportunity to hear the very claim urged in federal court."

In affirming Judge Urbom, Judge Matthes in *Rice v. Wolff* (8th Cir. 1975) 513 F.2d 1280, 1290, concluded that Judge Urbom had properly refused to dismiss the federal habeas petition on exhaustion grounds by concluding that "it is not neces-

sary that the state courts must have ruled on the merits of an issue before the question can be considered by the federal judiciary in a habeas action." Relying upon *Picard,* Judge Matthes held that "It is enough that the state courts have been presented the opportunity to rule on the questions raised by the petitioner in his federal petition." [Id. at 1290].

Respondent's citation and attempted reliance upon *Tyler v. Swenson* (8th Cir. 1976) 527 F.2d 877, is likewise untenable. In that case, Judge Stephenson, in reliance upon *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953) concluded that the exhaustion "requirement is satisfied when issues presented in a habeas corpus petition are presented to the state courts for direct review." Id. at 880.[4]

Both sides cite and rely upon *Eaton v. Wyrick* (8th Cir. 1975) 528 F.2d 477. That case supports petitioner's position rather than the respondent's. *Eaton* sets forth the controlling guidelines applicable to all exhaustion cases. That case commands that we must read *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), as holding that "The exhaustion requirement was not meant . . . to provide the state with more than one full and fair opportunity to decide a question which is properly presented to it for review." [Id. at 480] Under *Eaton* we must read *Picard, supra,* and *Losieau v. Sigler,* 421 F.2d 825, 832 (8th Cir. 1970), as establishing that "State courts need not have definitively ruled on the merits of the issues raised by a petitioner seeking federal habeas corpus relief; rather, it is sufficient that the State courts have been *properly presented* with the *opportunity* to rule on the issues." [Id. at 480; *Eaton*'s emphasis]. And *Eaton*

4. An earlier *Tyler* appeal, *Tyler v. Swenson* (8th Cir. 1971) 440 F.2d 621, also cited and relied upon by respondent, is clearly distinguishable because on its facts, "the state courts have never had the opportunity to pass on this [federal constitutional] issue on the merits." [*Id.* at 623] The appeal in that case presented a question of the validity of a pretrial identification. Judge Matthes pointed out that "it may be necessary that an evidentiary hearing

be conducted to develop the facts surrounding the identifications." Under those circumstances, comity requires that the factual circumstances be developed in a Missouri Rule 27.26 proceeding. Different considerations, of course, are involved when all of the facts are fixed by the transcript of the original trial and where it is not possible to develop any factual data at a plenary evidentiary hearing in either the State or federal court.

teaches that we must read *Tyler v. Swenson,* 440 F.2d at 623, and the Fourth and Ninth Circuit cases cited on page 480 of 528 F.2d, as establishing that "An issue is properly presented on direct appeal if the factual matters necessary for its determination appear on the face of the trial record, without the necessity of developing the facts in a supplemental proceeding." *Eaton* holds that "Under such circumstances, the petitioner need not pursue collateral post-conviction remedies in the state courts as a precondition to federal relief." It is clear that the circumstances in this case regarding the manner in which the *Faretta v. California* question was presented to the appellate courts of Missouri satisfy all of the guidelines stated in *Eaton.*[5]

*Francisco v. Gathright,* 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974), reflects the Supreme Court's most recent application of principles stated in *Picard* and other like cases. In that case, the Court reversed the Fourth Circuit's affirmance of the district court's ruling that the questions presented in the petitioner's federal habeas proceeding should have been resubmitted to the state courts. That case applied principles stated in *Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), *Brown v. Allen, supra,* and *Picard,* by holding that once the state courts have had a full and fair opportunity to determine the federal constitutional issue presented in a federal habeas petition that "the policies served by the exhaustion requirement would not be furthered by requiring resubmission of the claims to the state courts."

Language used by Judge Matthes in *Rice v. Wolff, supra,* is applicable to this case. He there stated that "to send the petitioner back to the state courts over two years after the filing of his federal habeas motion

to assert a question which the State Supreme Court previously had before it is manifestly unreasonable and we do not believe that law requires such a result." Many Eighth Circuit cases, e. g., *Losieau v. Sigler, supra,* at 828, point out that the "doctrine of exhaustion of state remedies is only a rule of comity and need not be mechanically applied where the state court, for procedural reasons, has once refused to pass upon the merits of the question."

■ There are considerations other than protection of the defendant's interest in a speedy determination of his federal constitutional claims which must be put in balance in the proper application of the doctrine of exhaustion. For it is apparent that an exorbitant amount of time is expended by the placing of a defendant on a judicial merry-go-round as he is shuffled from state to federal and back to state court by mechanical applications of the doctrine of exhaustion.

It was clear a year ago that the petitioner in this case would seek and eventually obtain a definitive determination of the merits of his federal constitutional claim based on *Faretta v. California.* The Supreme Court of the United States decided *Faretta* shortly before the Missouri Court of Appeals, Kansas City District, affirmed the petitioner's conviction. On March 15, 1976, the Missouri Court of Appeals, Kansas City District, properly granted petitioner leave under Missouri Rule 84.08 to file a motion for rehearing and an application to transfer to the Supreme Court of Missouri in which the *Faretta v. California* claim could be presented. Within the time allowed, such a motion presenting that claim was filed on March 26, 1976, only to be denied on procedural grounds on May 3, 1976.

---

**5.** Respondent also cites and relies upon two other cases. The first case, *Cage v. Auger,* 514 F.2d 1231, at 1232 (8th Cir. 1975) is not helpful to the respondent. In that case Judge Stephenson concluded that *Wilwording, supra; Losieau v. Sigler, supra;* and *Rice v. Wolff, supra,* required the holding that "where it [is] clear that the state court had had its opportunity to correct constitutional error, we have found that the consequences were sufficient to vindicate

the state's interests and have proceeded to entertain § 2254 proceedings." [*Id.* at 1232]. The second case, *Stidham v. Swenson* (W.D. Mo.1970) 328 F.Supp. 1288, 1290, is clearly distinguishable on its facts. The petitioner in that case did not raise the federal constitutional questions presented on direct appeal or in any of the Rule 27.26 appeals to the Supreme Court of Missouri.

The Supreme Court of Missouri, although afforded a full and fair opportunity to consider the *Faretta v. California* question, refused, apparently on procedural grounds, to do so on June 14, 1976. The petitioner has again sought relief in federal court only to be faced with the Assistant Attorney General's argument that he had not yet exhausted available state court remedies and that he should begin all over again by filing a Rule 27.26 motion, the processing of which is not calculated to produce an immediate determination of the federal constitutional question involved.

Experience in federal habeas corpus cases in this District and in the Court of Appeals establishes that state prisoner federal constitutional claims are sometimes vindicated in the federal courts. The federal habeas relief usually awarded affords the State of Missouri an opportunity to have the petitioner's conviction set aside or declared to be invalid and to thereafter bring new trial proceedings within a reasonable period of time.

It would seem obvious that the postponement of the determination of a substantial federal claim on the merits by a mechanical application of the doctrine of exhaustion could conceivably delay a possible new trial for such a period of time that the loss of witnesses could prevent a second conviction of the defendant in a trial conducted in accordance with the Constitution of the United States. We are therefore convinced that this consideration, as well as the consideration stated by Judge Matthes in *Rice v. Wolff,* must be given appropriate weight in ruling upon the respondent's contention that the petitioner has not exhausted his available state court remedies.[6]

### V.

■ Application of the exhaustion principle stated is not difficult in regard to petitioner's *Faretta v. California* claim. In re-

gard to that claim, we find and conclude that the appellate courts of Missouri have been afforded a full and fair opportunity to decide that federal constitutional question on the merits. That question was properly presented to the Missouri appellate courts by petitioner's motion for rehearing and application for transfer in that the factual matters necessary for its determination obviously appear on the face of the trial court record, without the necessity of developing any additional facts in a supplemental proceeding in either the State or federal courts. Under these circumstances, we find and conclude that the petitioner need not resubmit the *Faretta v. California* question in a Rule 27.26 motion, but that this Court should go forward on the merits in regard to that question.

■ A more difficult question, however, is presented in regard to petitioner's claim that his physical removal from the courtroom violated his Sixth Amendment right to be present in the courtroom at every stage of the trial. Petitioner's counsel contends that the *Illinois v. Allen, supra,* question was in fact presented to the Missouri Court of Appeals, Kansas City District, for the reason that petitioner's court-appointed counsel included in his brief on direct appeal in support of an argument that the refusal of the trial court to grant a continuance "constituted an abuse of discretion," the following paragraph:

Mr. Katz and Mr. Haggarty likewise failed to keep appellant apprised of the occurrences at trial during appellant's absence. Appellant was removed from the courtroom for approximately four hours, his only representative in court being court-appointed counsel. *During that interval, Mr. Martin was given no opportunity to amend his behavior and return. Appellant alleges that this contravenes the guidelines set out in Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). [Emphasis added (by petitioner)]

*Green v. Wyrick* (W.D.Mo.1976) 414 F.Supp. 343, although he was fully satisfied that the petitioner involved in that case had not in fact and in law fully exhausted available state court remedies.

<hr>

6. We believe that consideration of similar important factors, involving but not limited to the waste of judicial time, were considered by Judge Hunter when he decided to consider the merits of the state prisoner habeas claims in

While we believe that either the Missouri Court of Appeals, Kansas City District, or the Supreme Court of Missouri could have properly considered petitioner's *Illinois v. Allen* claim on the merits, we are not satisfied that it can fairly be said that such claim was properly presented to either State appellate court to warrant a determination by this Court that the doctrine of exhaustion has been satisfied as a matter of law. Nor are we fully satisfied that all factual matters necessary for the determination of the *Illinois v. Allen* question appear on the face of the trial record and that it may not be necessary to hold a plenary evidentiary hearing under the circumstances.

Although we believe the question to be an extremely close one, we are not convinced that we may properly conclude that petitioner has exhausted his available state court remedies in regard to his *Illinois v. Allen* claim.

Should counsel for both the petitioner and the respondent agree that all relevant facts are fully developed on the trial court record and that this Court should consider the *Illinois v. Allen* claim along with the *Faretta v. California* claim, we see no reason why such an agreement should not be honored under the circumstances. An appropriate order will be entered which would permit the parties to indicate whether any question of exhaustion in regard to the *Illinois v. Allen* claim will be waived by respondent.

Accordingly, and for the reasons stated, it is

ORDERED (1) that petitioner has exhausted his *Faretta v. California* claim and this Court will proceed to determine that question on the merits. It is further

ORDERED (2) that petitioner's counsel shall prepare, serve, and file an appropriate brief on the merits of the *Faretta v. California* claim on or before January 3, 1977. It is further

ORDERED (3) that respondent shall file an answer brief in regard to petitioner's *Faretta v. California* claim on or before January 17, 1977. It is further

ORDERED (4) that petitioner may file a reply brief on the *Faretta v. California* claim on or before January 24, 1977. It is further

ORDERED (5) that the parties confer and advise the Court in writing within ten (10) days whether they are agreed that all factual data relevant to petitioner's *Illinois v. Allen* claim appears on the face of the trial court record and that this Court accordingly may consider the petitioner's *Faretta v. California* claim, it being understood that such agreement shall constitute a full waiver on the part of the respondent in regard to any exhaustion question which may be involved.

If the parties are in agreement, the *Illinois v. Allen* claim shall be briefed at the same time the *Faretta v. California* claim is briefed. If the parties are not in agreement, the Court will enter a further order in regard to the *Illinois v. Allen* claim.