Sanford LEE, Petitioner,

v.

Donald W. WYRICK, Warden,
Respondent.

No. 74 CV 261–W–1.

United States District Court,
W. D. Missouri, W. D.

Nov. 7, 1974.

Sanford Lee pro se.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This state prisoner habeas corpus case presents an exhaustion question not heretofore determined by this Court. The petition for habeas corpus, the response of the Warden, and the exhibits attached to that response, establish that the petitioner was twice convicted in the Circuit Court of Reynolds County, Missouri, on pleas of guilty to charges of breaking jail. Thereafter, petitioner filed a Rule 27.26, V.A.M.R. motion in the state trial court seeking to set aside the judgments and sentences imposed. After denial of the motion by the trial court, petitioner appealed to the Missouri Court of Appeals, Springfield District. That Court, in Cause No. 9493, affirmed the trial court's denial of petitioner's Rule 27.26 motion. Although Rule 83.02, V.A.M.R., and Rule 83.03, V.A.M.R., provide for transfer to the Supreme Court of Missouri on order of a Court of Appeals, and transfer by the Supreme Court after an opinion has been filed in a Court of Appeals, respectively, petitioner made no effort to have the case transferred to the Supreme Court of Missouri for final decision, as provided by 83.09, V.A.M.R.

The question presented is whether the petitioner has exhausted remedies available in the courts of Missouri, within the meaning of § 2254(b), Title 28, United States Code, and other applicable law. For reasons which we will state, we find and conclude that the petitioner has not done so and that his pending petition for federal habeas corpus should be denied without prejudice in order that appropriate exhaustion steps may be taken.

Rule 83.02, V.A.M.R. provides:

Transfer on Order of Court of Appeals

A case in which an opinion has been filed in a district of the Court of Appeals may be transferred to this Court by order of a majority of the participating judges, regular and special, on their own motion or on application of a party because of the general interest or importance of a question involved in the case, or for the purpose of re-examining the existing law. Application by a party for such transfer shall be filed within 15 days of the date upon which the opinion is filed.

Rule 83.03, V.A.M.R. provides:

Transfer by Supreme Court After Opinion by Court of Appeals

In any case in which a motion for re-hearing and an application for transfer under Rule 83.02 have been refused, the case may be transferred by order of this Court on application of a party for any of the reasons specified in Rule 83.02, or for the reason that the opinion filed is contrary to a previous decision of an appellate court of this state. Application for such transfer shall be filed in this Court within 30 days of the date on which transfer was denied by the district of the Court of Appeals.

Rule 83.09, V.A.M.R. provides:

Determination of Cases Following Transfer

Any case coming to this Court from a district of the Court of Appeals, whether by certification, transfer or certiorari, may be finally determined the same as on original appeal. If, however, in cases transferred on order of this Court, the Court concludes that the transfer was improvidently granted, the case may be retransferred to the Court of Appeals.

Rule 84.08, V.A.M.R. provides in part that "[t]he court may suspend or modify its rules in a particular case upon a showing that justice so requires."

All of the above rules were adopted and made effective January 1, 1972 in light of the amendment to Article V of the Constitution of Missouri, V.A.M.S., which became effective upon the same date.

The rules quoted above were promulgated in light of the changes made in Missouri's judicial system by the recent constitutional amendment. This Court made appropriate inquiry of the Supreme Court of Missouri and ascertained that it was probable that a substantial number of transfers would be granted, under either Rule 83.02 or 83.-03 and that the situation differed materially from that which formerly existed in regard to motions to transfer from a Division of the Supreme Court of Missouri to the Missouri Supreme Court, as those courts were constituted under the old constitution.

In light of the substantial changes in the judicial system of Missouri, and in light of the indication from the Missouri Supreme Court that a substantial number of transfers would be made by the various new Courts of Appeal and by the Supreme Court itself, we believe it clear that principles of comity require this Court's determination that unless and until a particular state prisoner has unsuccessfully sought transfer under the applicable new rules, he may not properly be said to have exhausted his available state court remedies.

It is undisputed in this case that petitioner has not done so. We direct attention to Missouri Rule 84.08 which authorizes both the Court of Appeals, Springfield District, and the Supreme Court of Missouri to "suspend or modify its rules in a particular case upon a showing that justice so requires." In recognition of this Court's knowledge of the liberality which the Missouri courts have exercised in the past under similar circumstances, we are confident that Rule 84.04 would be utilized by the Missouri courts and that no question of timeliness under the circumstances would stand as a barrier to the petition-

er's effort to exhaust available state remedies in this case.

For the reasons stated, it is

Ordered that the petition for habeas corpus should be and the same is hereby denied without prejudice to petitioner's rights to exhaust available state court remedies in the manner above stated.