**Ronald DRAKE, Petitioner,**

v.

**Donald WYRICK, Warden, Respondent.**

No. 75 CV 702–W–1.

United States District Court,
W. D. Missouri, W. D.

June 25, 1976.

Ronald Drake, pro se.

John Danforth, Atty. Gen., State of Mo., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT ORDER DISMISSING WITHOUT PREJUDICE

JOHN W. OLIVER, District Judge.

On May 17, 1976, the Court directed that respondent reply to petitioner's motion to vacate, set aside or correct the order denying the petition for writ of habeas corpus without prejudice for failure to exhaust available state court remedies. Respondent has now filed its reply which clearly establishes that petitioner still has an available state court remedy. Petitioner has also filed a "Traverse" to the state's reply which we have considered. For the reasons which

we shall state, we find and conclude that petitioner's motion should be denied.

In his motion petitioner contends that "this court is requiring petitioner to do a futile act by forcing him back to state court." Respondent clearly refutes this notion:

"In the first place, it would appear that the petitioner does, in fact, still have an available state court remedy under the transfer provisions of Rule 83.02 V.A. M.R. and 83.03 V.A.M.R. Admittedly, Rule 83.02 requires that a motion for transfer from the Court of Appeals to the Missouri Supreme Court 'shall be filed within 15 days of the date upon which the opinion is filed.' However, Rule 84.08 V.A.M.R. expressly states that an appellate court 'may suspend or modify its rules in a particular case upon a showing that justice so requires.' Utilizing this provision, the appellate courts of Missouri have on occasion allowed the untimely filing of motions for transfer or rehearing where such motions were accompanied by a motion for leave to file the motion for transfer or rehearing out of time. As this court correctly observed in its order of May 17, 1976, the Missouri Court of Appeals, Kansas City District, agreed to permit the petitioner in *Martin v. Wyrick,* [411 F.Supp. 1069] to file his motion for transfer well beyond the fifteen-day limit."

Petitioner also contends that he has adequately exhausted his state court remedies by means of a motion to transfer filed with the Supreme Court of Missouri. It appears that this motion was returned to petitioner because it was not timely. Respondent points out, however, that petitioner's motion was not properly presented under Missouri Rules of Courts:

"[T]he fact that this motion to transfer was rejected by the Supreme Court Clerk because it was not timely filed does not in any way tend to prove that a proper motion would not be considered by the court. In the first place, it does not appear that the petitioner attempted to invoke the provisions of Rule 84.08 when he filed his untimely motion, and failed to file a motion pursuant to that rule in an effort to convince the court to allow his application for transfer to be filed out of time. Had he done so, the clerk of the Supreme Court most certainly would not have returned his application to him. In the second place, his application pursuant to Rule 83.03 was premature, since the appellant had filed no motion for rehearing or transfer in the Missouri Court of Appeals, St. Louis District, pursuant to Rule 83.02. Such a motion is a prerequisite to the filing of an application for transfer pursuant to Rule 83.03."

The Missouri Courts have apparently never had an appropriate opportunity to pass upon the merits of petitioner's application for transfer because of his failure to request leave to file his motion out of time. Respondent observes that Missouri appellate courts do not consider an untimely motion to transfer unaccompanied by a request for leave to file it out of time:

"It appears that the appellate courts of this state routinely reject motions for rehearing or transfer when the motion is filed out of time with no explanation, and no accompanying motion for leave to file the motion for transfer or rehearing out of time. However, where the appellant has accompanied his motion for rehearing or transfer with a motion for leave to file it out of time and an accompanying explanation as to why the motion was not timely filed, the courts have shown a willingness, at least in some instances, to allow untimely motions pursuant to Rule 84.08."

It is clearly apparent that petitioner's contentions with regard to the futility of exhausting available state court remedies are without merit. In *Lee v. Wyrick,* 383 F.Supp. 623 (W.D.Mo.1974), this Court relied upon the liberality with which Missouri appellate courts would interpret their rules on transfers. *Martin v. Wyrick,* 411 F.Supp. 1069 (W.D.Mo.1976) demonstrated that, in an appropriate case, the Missouri appellate courts will consider untimely motions to transfer. Based on this experience

we cannot say that requiring petitioner in this case to avail himself of the state procedures for transfer will be futile. Therefore, the motion to vacate or set aside our earlier order will be denied.

We add a final word about the procedures petitioner should utilize. Respondent has clearly stated the steps petitioner must take:

"The proper procedure in this case is for the appellant to file a motion for rehearing or transfer pursuant to Rule 83.02 in the Missouri Court of Appeals, St. Louis District, together with a motion pursuant to Rule 84.08 to file his motion for rehearing or transfer out of time. In the event the Court of Appeals sustains his motion to file out of time, but denies his motion for rehearing or transfer, petitioner would then have thirty days to file his application for transfer under Rule 83.03. Even if the Court of Appeals denies the petitioner leave to file his motion out of time, the petitioner still would have a remedy in the Missouri Supreme Court pursuant to Rule 83.03, since, as previously noted, Rule 84.08 allows the court to suspend or modify its own rules. Thus, in addition to his application under Rule 83.03, he would be required to file a motion for leave to file his application for transfer out of time and should indicate to the court *why* it should suspend or modify its rules."

We advise petitioner to follow this procedure so that no question of deliberate bypass of state procedures will be presented when and if petitioner renews his federal habeas corpus action.

Accordingly, and for the reasons stated, it is

ORDERED that petitioner's motion to vacate, set aside or correct order dismissing without prejudice should be and the same is hereby denied.