**Paul E. FISHER, Petitioner,**

v.

**Myrna TRICKEY, Respondent.**

**No. 86–1312–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Feb. 18, 1987.

Supplemental Memorandum Opinion and Orders April 9, 1987.

M.E.C.C., Pacific, Mo., for petitioner.

William Webster, Atty. Gen., State of Mo., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDERS DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL RESPONSE

JOHN W. OLIVER, Senior District Judge.

### I.

The response filed by the Attorney General to this Court's order to show cause fails to attach the necessary documentary evidence upon which the merits of petitioner's section 2254 habeas corpus application may be ruled. Rather, that response argues and prays that this case should be dismissed without further judicial proceedings on the alleged ground that the petitioner has failed to exhaust his available State court post-conviction remedies.

The prayer of the response will be denied and an order will be entered directing the respondent to file a supplemental response to which the documentary evidence necessary for the determination of the merits of this case shall be attached.

We are satisfied that the exhaustion argument presented is untenable under the controlling Eighth Circuit cases, only one of which is cited in the response. We are advised, however, that the Attorney General has raised that exhaustion question in a number of other cases that pend in this district. It is therefore appropriate that we discuss that question in more detail than would otherwise be necessary.

It is also appropriate that we enter a further order that will afford the Attorney General an opportunity to present more relevant factual data in support of his exhaustion argument than that submitted in Exhibit B attached to the response. For the exhaustion argument presented in this case and in other cases that pend in this district establishes that the Attorney General is attempting to have this Court apply an exhaustion rule that has been expressly rejected by the Eighth Circuit.

This Court is under duty to follow and apply the decisions of its controlling Court of Appeals. If the Attorney General wishes to have the Court of Appeals overrule the cases that are presently controlling, the record on appeal should include more relevant factual data than that presented to this Court in Exhibit B attached to the response filed in this case.

### II.

Exhibit A attached to the response establishes that the petitioner has fully exhausted all his available State post-conviction remedies in accordance with applicable federal standards. That exhibit shows that the judgment of the Circuit Court of Cass County, Missouri denying petitioner's Rule 27.26 motion was affirmed by the Missouri Court of Appeals, Western District, pursuant to Missouri Supreme Court Rule 84.-16(b) and that the same court denied a motion to transfer to the Supreme Court of Missouri on September 25, 1986. *See Fisher v. State*, 716 S.W.2d 819 (Mo.Ct.App. 1986). A Memorandum of Reasons for the Missouri Court of Appeals' affirmance of

the State trial court's denial of Rule 27.26 relief is included as a part of Exhibit A.[1]

That memorandum shows that the Missouri Court of Appeals considered the transcripts of the record made at the time petitioner's guilty plea was tendered and accepted and at the time he was sentenced. It further shows that petitioner was granted an evidentiary hearing on his Rule 27.26 motion, that the transcript of that hearing was before the Missouri Court of Appeals, and that the State trial court had entered findings of fact and stated conclusions of law in accordance with Rule 27.26. None of that essential documentary evidence, however, is attached to the response. An order will be entered directing the Attorney General to file a supplemental response to which he shall attach that documentary evidence.[2]

We turn now to the Attorney General's exhaustion argument.

### III.

#### A.

■ The Attorney General's response contends that Missouri Supreme Court Rule 84.08 is an available State court postconviction remedy that must be exhausted before this Court may exercise habeas corpus jurisdiction pursuant to 28 U.S.C. § 2254. The response argues that "[u]nder that rule, an aggrieved party may file a

---

1. That memorandum establishes that the petitioner argued on his Rule 27.26 appeal that "the trial court erred in denying post-conviction relief because (1) the evidence established movant was denied effective assistance of counsel; (2) the evidence established movant's plea of guilty was unknowing and involuntary; and (3) the denial of effective assistance of counsel was established as a matter of law." Memorandum of Reasons at 1–2.

2. In light of our review of the excellent Memorandum of Reasons prepared by the Missouri Court of Appeals, Western District, we would be surprised if the determination of this case on the merits will require any more expenditure of judicial time than that which was required in *Robinson v. Swenson,* 331 F.Supp. 483 (W.D.Mo. 1971). Our decision of the exhaustion question presented under the transfer provisions of the 1945 Constitution of Missouri in part II of that case, *see* 331 F.Supp. at 484, required more judicial time than the decision on the merits as

motion for leave to file an application to transfer out of time", Response at 3, and that petitioner's failure to do so in this case after a Rule 83.02 motion to transfer had been denied by the Missouri Court of Appeals, Kansas City District, requires the dismissal of this case on failure of exhaustion grounds.

Specifically, the Attorney General seeks to have this Court disregard a controlling decision of the Court of Appeals for the Eighth Circuit, namely, *Powell v. Wyrick,* 657 F.2d 222 (8th Cir.1981). Respondent explicitly states on page 3 of the response that "the rationale behind the *Powell v. Wyrick* decision is no longer valid" and that the Court of Appeals' decision in that case is "no longer accurate."

Respondent's argument is made in the face of the Attorney General's recognition that in *Powell* the Court of Appeals expressly "ruled that [the filing of a Missouri Supreme Court Rule 84.08] motion was futile and would not be required under the exhaustion statutes." Response at 3.

*Powell v. Wyrick* was decided on a State prisoner's appeal from an order entered by this Court which dismissed a habeas corpus petition for failure to exhaust Rule 84.08.[3] Our unpublished opinion in *Powell,* No. 79-0632–CV–W–1 (W.D.Mo. Nov. 5, 1980), shows that our dismissal of that case on exhaustion grounds was based on our view

---

stated in part III of our decision in that case. *See Robinson v. Swenson, supra,* 331 F.Supp. at 485.

3. In this Court's unpublished opinion in *Powell* we stated that "Rule 83.03 allows the Supreme Court of Missouri, on its own authority, to transfer to itself any case in which a Rule 83.02 application has been denied by the Court of Appeals. Similarly, the rule requires that any application for such a transfer must be filed within fifteen days of the date on which a Rule 83.02 transfer is denied by the Court of Appeals." We added that "Rule 84.08 would allow the Supreme Court of Missouri to waive petitioner's noncompliance with the timeliness requirements of Rule 83.03 were petitioner yet to bring a motion in that court under that latter rule. Thus, a Rule 83.03 motion is a remedy under State law that petitioner has failed to exhaust, and this case must therefore be dismissed, without prejudice." *Id.* at 2–3.

of Rule 84.08 as stated in three earlier published opinions of this Court, *Lee v. Wyrick,* 383 F.Supp. 623 (W.D.Mo.1974); *Martin v. Wyrick,* 411 F.Supp. 1069 (W.D. Mo.1975); and *Drake v. Wyrick,* 415 F.Supp. 814 (W.D.Mo.1976). All four of these opinions were decided after the 1972 reorganization of Missouri's judicial system which made substantial changes in the jurisdiction of Missouri's appellate courts and in the transfer of cases from one appellate court to another.

In *Lee v. Wyrick, supra,* 383 F.Supp. 623, our seminal decision, the petitioner failed to file a motion to transfer from a Missouri Court of Appeals to the Supreme Court of Missouri under either Missouri Supreme Court Rule 83.02 or 83.03. We stated that "[t]his Court made appropriate inquiry of the Supreme Court of Missouri and ascertained that it was probable that a substantial number of transfers would be granted, under either Rule 83.02 or 83.03 and that the situation differed materially from that which formerly existed in regard to motions to transfer from a Division of the Supreme Court of Missouri to the Missouri Supreme Court, as those courts were constituted under the old constitution." 383 F.Supp. at 624.

We concluded in *Lee* that:

> In light of the substantial changes in the judicial system of Missouri, and in light of the indication from the Missouri Supreme Court that a substantial number of transfers would be made by the various new Courts of Appeal and by the Supreme Court itself, we believe it clear

that principles of comity require this Court's determination that unless and until a particular state prisoner has unsuccessfully sought transfer under the applicable new rules, he may not properly be said to have exhausted his available state court remedies.[4]

*Id.* at 624.

This Court applied the exhaustion rule we stated in *Lee* in *Martin v. Wyrick, supra,* 411 F.Supp. 1069, and in *Drake v. Wyrick, supra,* 415 F.Supp. 814.[5] Our decision in *Martin* shows, 411 F.Supp. at 1075, that the Missouri Court of Appeals, in fact, granted a Rule 84.08 motion in that case.

It is thus clear that when the Court of Appeals considered the petitioner's appeal in *Powell* from this Court's order dismissing Powell's habeas corpus petition on exhaustion grounds, the Court of Appeals was required to consider this Court's view of Missouri Supreme Court Rule 84.08 as stated in its unpublished opinion in *Powell* and in its published opinions in *Lee, Martin,* and *Drake,* all of which had been expressly incorporated by reference in our unpublished opinion in *Powell.*

The Court of Appeals expressly rejected this Court's view that Rule 84.08 was an available State remedy that a petitioner must exhaust and reversed this Court's dismissal of *Powell's* petition based on that ground. *Powell v. Wyrick* noted that the "district court dismissed Powell's petition without prejudice for failure to exhaust an

---

**4.** We also stated the following in *Lee* in specific regard to Missouri Supreme Court Rule 84.08: "We direct attention to Missouri Rule 84.08 which authorizes both the Court of Appeals, Springfield District, and the Supreme Court of Missouri to 'suspend or modify its rules in a particular case upon a showing that justice so requires.' In recognition of this Court's knowledge of the liberality which the Missouri courts have exercised in the past under similar circumstances, we are confident that Rule 84.04 would be utilized by the Missouri courts and that no question of timeliness under the circumstances would stand as a barrier to the petitioner's effort to exhaust available state remedies in this case." 383 F.Supp. at 624–25.

**5.** In our *Martin* opinion we stated that "[t]he exhaustion rule established in *Lee v. Wyrick* was

approved by the Eighth Circuit Court of Appeals in *Triplett v. Wyrick,* No. 75–1181 (8th Cir. October 22, 1975)." 411 F.Supp. at 1070. And in *Drake* we noted that the procedures we had directed in *Martin* "demonstrated that, in an appropriate case, the Missouri appellate courts will consider untimely motions to transfer." 415 F.Supp. at 815.

The October 22, 1975 unpublished Court of Appeals' opinion in *Triplett v. Wyrick* to which we made reference in *Martin* was later cited by the Court of Appeals in *Triplett v. Wyrick,* 549 F.2d 57, 58 (8th Cir.1977), but the exhaustion rule apparently approved in the unpublished 1975 opinion was later rejected in *Powell v. Wyrick.*

available state remedy—rule 84.08" and stated that "we must determine whether a rule 84.08 motion must be exhausted before federal relief under § 2254 may be pursued." 657 F.2d at 223.

The Court of Appeals concluded in *Powell* that "the doctrine of exhaustion does not require that the petitioner make application for such a transfer under rule 84.08, *due to the discretionary nature of that rule.*" [6] *Id.* at 223. (Emphasis added.)

In its explanation of why the filing of a Missouri Supreme Court Rule 84.08 motion for leave to file a Rule 83.03 application to transfer must be considered to be futile, the *Powell* court observed that the "State of Missouri has not referred us to a single instance where the Missouri courts have granted an out-of-time motion under these circumstances" and added that "[o]ur independent research has revealed that the Missouri Supreme Court has, in fact, denied such a motion in practically all cases." [7] *Id.* at 224.

**B.**

*Powell v. Wyrick* is not the only Court of Appeals opinion which forecloses this Court's adoption of the respondent's Missouri Supreme Court Rule 84.08 argument. *Adail v. Wyrick,* 671 F.2d 1218 (8th Cir. 1982) (per curiam), reversed a dismissal order of the Eastern District of Missouri based on "the fact that Adail had not sought transfer to the Missouri Supreme Court under Mo.R.Civ.P. 83.02 or 83.03 and

had not sought to file an out-of-time motion under 84.08." *Id.* at 1219. The *Adail* court concluded that the notion that Adail had not exhausted because he "could still file an out-of-time motion under 84.08" was untenable in light of the Court of Appeals' decision in *Powell v. Wyrick.* [8] 671 F.2d at 1219.

In *Thomas v. Wyrick,* 687 F.2d 235 (8th Cir.1982), *cert. denied,* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983), the Court of Appeals in an appeal from the Eastern District of Missouri noted that the "only state remedy currently available to Thomas is an out-of-time motion for transfer pursuant to Mo.R.Civ.P. 84.08, which allows the court to suspend or modify its rules 'when justice so requires.'" 687 F.2d at 238. In holding that the petitioner did not need to file such a motion in order to exhaust, the Court of Appeals concluded that:

In *Powell v. Wyrick,* 657 F.2d 222 (8th Cir.1981), this court held that because of the discretionary nature of the 84.08 procedure, and the Missouri court's record of seldom granting such motions, such an untimely motion is not required to exhaust state remedies. We recently reaffirmed that holding in *Adail v. Wyrick,* 671 F.2d 1218 (8th Cir.1982), in which petitioner had failed to file a motion for transfer under *either* [emphasis in original] Mo.R.Civ.P. 83.02 or 83.03 and the court decided that, *due to the discretionary nature of the rule,* petitioner was not required to file an untime-

---

**6.** The Court of Appeals added "[f]urthermore, under accepted principles of comity, the federal courts should defer action *only if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him.* The doctrine of comity does not require exhaustion where such action would be futile or speculative at most." *Id.* at 223–24. (Emphasis added.) The *Powell* court later reiterated that "the § 2254 exhaustion requirement should be disregarded as futile due to the discretionary nature of rule 84.08 and the Missouri courts' failure to apply such rule in most cases of this kind." *Id.* at 224.

**7.** It is reasonably clear that the Court of Appeals' independent research conducted in 1981 in regard to whether the Missouri Supreme Court had ever granted a petitioner any post-conviction relief after it had granted leave to

file an out-of-time motion pursuant to Rule 84.-04 apparently revealed that the prognosis the Supreme Court of Missouri gave this Court in connection with our 1974 independent research, as described in *Lee* decided that year, had not materialized.

An order will be entered that will permit the Attorney General to provide relevant data in regard to the Supreme Court of Missouri practice from the time *Powell* was decided in 1981 to the present time.

**8.** The *Adail* court stated that "[t]he Court in *Powell* held that because of the discretionary nature of 84.08 and the Missouri court's past record of seldom granting such motions, the exhaustion doctrine does not require the filing of an untimely motion for transfer under 84.08.-" 671 F.2d at 1219.

ly motion for transfer under 84.08. *These cases govern our holding today that petitioner has now exhausted his state court remedies.* (Emphasis added.)

687 F.2d at 238.

The Court of Appeals' opinions in *Powell, Adail,* and *Thomas* obviously govern this Court's determination of the exhaustion question which the respondent seeks to raise in this case.

### C.

The Court of Appeals' view of the discretionary power vested in a Missouri appellate court to order transfer after the 1972 reorganization of the Missouri judicial system is consistent with the view that court took of the discretionary power to order the transfer of a case from a division of the Supreme Court of Missouri to the Supreme Court en banc formerly vested by Article V, Section 9, of the 1945 Constitution of Missouri. The practical consequence of a decision that would require a State prisoner to file a motion to transfer to the Supreme Court of Missouri en banc in order to exhaust is the same under existing Missouri law as it was under the transfer provisions of the 1945 Constitution of Missouri.[9]

*Kelley v. Swenson,* 481 F.2d 86 (8th Cir. 1973), decided the exhaustion question presented under the 1945 Constitution of Missouri. That case considered an Eastern District of Missouri order dismissing a federal habeas application based on the ground that the petitioner had failed to exhaust because he had not filed a motion to transfer the case from a division of the Supreme Court of Missouri to the Supreme Court of Missouri en banc.

*Kelley* reversed the Eastern District of Missouri for the reason the Supreme Court of Missouri had "clearly held that no absolute right exists to an en banc hearing," *id.* at 89, and because, under the Missouri cases, "there is no absolute or automatic right to transfer to the court en banc." *Id.* at 90.[10]

The Attorney General's attempt to rely on *Snethen v. Nix,* 736 F.2d 1241, 1245 (8th Cir.1984), and *Feeney v. Auger,* 808 F.2d 1279 (8th Cir.1986), both of which presented exhaustion questions under Iowa law, is so obviously untenable that discussion of those cases is unwarranted.

For the reasons stated an order will be entered denying the prayer of the response.

### IV.

The respondent's argument that the Court of Appeals opinion in *Powell* is "no longer valid" and its ruling in that case "is no longer accurate" rests on the notion that the Court of Appeals' direct holding in regard to the futility of filing of a Rule 84.08 motion was based solely on *Powell's* observation that the Supreme Court of Mis-

---

9. *Robinson v. Swenson,* 331 F.Supp. 483 (W.D. Mo.1971), concluded that the transfer provisions of the 1945 Constitution need not be exhausted. This Court stated in that case that "[s]hould this Court determine, as a matter of comity, that every state prisoner must file a motion to transfer to the Supreme Court of Missouri en banc in all cases in which a federal question is presented before he can be said to have exhausted his state court remedies, it is reasonably foreseeable that the articulation of such an exhaustion rule would but add another procedural step to all cases pending in and decided by any Division of the Supreme Court of Missouri. The processing of such motions would obviously be judicially burdensome to the Supreme Court of Missouri." *Id.* at 485.

The processing of Rule 84.08 motions to file out-of-time Rule 83.03 applications to transfer from Missouri Courts of Appeals and the ruling of the merits in cases ordered transferred also would obviously be judicially burdensome to the Supreme Court of Missouri en banc under existing Missouri law.

10. As noted in footnote 9, this Court reached the same conclusion in *Robinson v. Swenson, supra,* as that later reached by the Court of Appeals in *Kelley.* Judge Hunter also reached the same conclusion in *Hegwood v. Swenson,* 344 F.Supp. 226 (W.D.Mo.1972). As the Court of Appeals noted in *Kelley,* Chief Judge Meredith's decision in *Corlew v. Swenson,* 336 F.Supp. 592 (E.D.Mo. 1971), and Chief Judge Becker's decision in *Caffey v. Swenson,* 332 F.Supp. 624 (W.D.Mo.1971), "could be construed as reaching a contrary result." The Court of Appeals reviewed all four of the district court opinions and concluded that "[t]o the extent that *Corlew* and *Caffey* cannot be reconciled with *Robinson* and *Hegwood,* we prefer the reasoning of the latter two cases." 481 F.2d at 89.

souri "has, in fact, denied such a motion in practically all cases." [11] 657 F.2d at 224. The respondent argues that "Exhibit B demonstrates that this ruling is no longer accurate" for the reason that "[m]otions to file a late application to transfer have been granted by the Missouri Supreme Court." Response at 3.

Exhibit B contains copies of the minutes of the monthly conferences held by the Supreme Court of Missouri during the months of September, October, November and December 1986 and for the month of January 1987. The brief notations on those minutes reflect that during those recent five months the Supreme Court of Missouri sustained ten motions filed by various appellants for leave to file applications to transfer "out-of-time" from one of the three Missouri Courts of Appeals. Those minutes, however, reflect that in all ten of those cases, the Supreme Court of Missouri simultaneously denied the Rule 83.02 application to transfer which it had granted the appellant leave to file pursuant to Rule 84.08. In all ten cases the appellant may have won the minor Rule 84.08 battle only to lose the Rule 83.03 war.[12]

The Court of Appeals exhaustion cases discussed in this memorandum opinion do not rest on the Court of Appeals' observation in *Powell* that the Supreme Court of Missouri has rarely exercised its discretion to order transfer of a case in which a defendant's conviction was affirmed by a Missouri Court of Appeals either on direct appeal or in which a trial court's denial of Rule 27.26 relief was affirmed.

All those cases, like *Kelley's* decision under the transfer provisions of the 1945 Constitution of Missouri, rest on the basic principle that a defendant seeking transfer does not, under Missouri law, have an absolute right to a hearing before the Supreme Court of Missouri en banc and on the fact that whether a defendant will ever be granted such a hearing is solely within the rarely exercised discretion of the Supreme Court of Missouri en banc. *Powell* and its progeny made clear that a facially available State court post-conviction remedy must be considered to be "futile or speculative at most," unless there is some "reasonable probability that the relief which the petitioner seeks will actually be available to him." [13] 657 F.2d at 224.

A defendant's Rule 84.08 motion merely seeks the Supreme Court of Missouri en banc's leave to file an out-of-time Rule 83.03 application for transfer of a case from a Missouri Court of Appeals. The preliminary relief sought by such a defendant is that the Missouri Supreme Court en banc will grant his Rule 84.08 motion and thus permit the filing of a Rule 83.03 application. The ultimate relief sought is that the Supreme Court of Missouri en banc will then determine that his case meets the criteria for transfer stated in Rule 83.02 (which is incorporated by reference as a part of Rule 83.03), and, by the favorable exercise of the broad discretion vested by Rule 83.03, grant the application for trans-

**11.** The portion of *Powell* quoted in the text is the only portion of *Powell* either quoted or relied upon by the respondent. The response, of course, does not even recognize the existence of the Court of Appeals' later controlling opinions in *Adail* and *Thomas.*

**12.** In one case, No. 68592, a motion for leave to file an out-of-time application was "overruled" at the October 1986 conference. The appellant did not even win the Rule 84.08 battle in that case.

In case No. 68921 a Rule 84.08 motion for leave to file a Rule 83.03 out-of-time application for a transfer from the Missouri Court of Appeals, Eastern District, was sustained and the minutes state that the "application to transfer sustained and cause ordered transferred." *State v. Raymond Wells,* —— S.W.2d ——, No. 50911

(Mo.Ct.App.1986) indicates that a direct appeal was involved in that case. Whether the Supreme Court of Missouri will reverse the defendant's conviction is an open question. For that court obviously has not had time to consider the merits of the case.

**13.** Neither *Powell* nor any other Eighth Circuit case has come even close to suggesting that the mere entry of a minute order by the Supreme Court of Missouri en banc pursuant to Rule 84.08, which would do no more than grant leave to a defendant to file an out-of-time Rule 83.03 application to transfer a case from a Missouri Court of Appeals, would somehow convert Rule 84.08 into an available State court post-conviction remedy that a defendant must utilize before it may be said that he has exhausted his available State remedies.

fer, hear the case on the merits, and thereafter decide the case in his favor.[14]

The minutes of the recent conferences of the Supreme Court of Missouri in respondent's Exhibit B do not come close to supporting an argument that the Supreme Court of Missouri has ever ordered the transfer of a case in which the defendant lost in a Missouri Court of Appeals and that after transfer and hearing, the defendant won his case in the Supreme Court of Missouri. Indeed, that data establishes that in all except one of the twelve cases in which Rule 84.08 motions were considered, the defendant did not come close to obtaining the relief sought, namely, to have the case heard by the Supreme Court of Missouri en banc on its merits.

This Court, of course, is familiar with the fact that the Supreme Court of Missouri has exercised its Rule 83.03 discretion in favor of the State of Missouri on its application to transfer a case from a Missouri Court of Appeals in which the defendant won his case in the latter court on either direct appeal or on appeal from a State trial court's denial of Rule 27.26 relief. *Yowell v. Wyrick,* 387 F.Supp. 421 (W.D.Mo.1975), and *Toliver v. Wyrick,* 469 F.Supp. 583 (W.D.Mo.1979), are but examples of cases in which the Supreme Court of Missouri ordered transfer on an application filed by the State in cases in which a Missouri Court of Appeals had decided the case in favor of the defendant. In both those cases the Supreme Court of Missouri, after having ordered transfer on the State's application, heard the case on the merits, and thereafter affirmed rather than reversed the defendant's conviction as had the Missouri Court of Appeals. This Court was required to grant federal habeas corpus in both cases, basing its decision on the facts reliably found by the State courts and on the federal grounds properly applied by the Missouri Court of Appeals for reversal.[15]

The fact that the Missouri Supreme Court has ordered transfer on the application of the State of Missouri with the eventual result that the defendant's conviction was affirmed in the Supreme Court of Missouri does not support an argument that it is probable that the Supreme Court of Missouri will at some future time grant a defendant's application for transfer and thereafter grant the defendant the relief sought on direct appeal or on an appeal from a denial of Rule 27.26 relief. There may, of course, be cases in which the Supreme Court has, in fact, ordered the transfer of a case in which the defendant lost in a Missouri Court of Appeals and has after hearing decided the case in favor of a defendant. We know of no cases and we are satisfied that the data submitted by the respondent in his Exhibit B does not suggest that the Supreme Court of Missouri has ever done so.

Because of the importance of the exhaustion question raised by the Attorney General in this case and our knowledge that the same question is being raised, in other cases that pend in this district, an order will be entered which will afford the respondent the opportunity to include as a part of his supplemental response more relevant available factual information which could be said to support a reasonable probability that a defendant may obtain the relief he seeks by the filing of a Rule 84.08 motion.

Appropriate appellate consideration of the exhaustion question by the Court of

**14.** The present criteria for transfer by order of the Supreme Court of Missouri en banc vests much broader discretion in that court than the discretion to transfer a divisional opinion vested by Article V, Section 9, of the 1945 Constitution of Missouri which the Court of Appeals considered in *Kelley.*

The present criteria omits all reference to a federal constitutional question transfer and states in exceedingly broad language that the Supreme Court of Missouri may order a case transferred from a Missouri Court of Appeals "because of the general interest or importance of a question involved in the case, or for the purpose of reexamining the existing law." Mo. R.Civ.P. 83.02.

**15.** Indeed, in *Toliver,* we attached a copy of the Missouri Court of Appeals' opinion as an appendix to this Court's opinion for the reason the Supreme Court of Missouri does not permit publication of a Missouri Court of Appeals' opinion in a case in which a transfer has been ordered to the Supreme Court of Missouri. *See* 469 F.Supp. at 583, 586 n. 1.

Appeals for the Eighth Circuit that the Attorney General has raised in this case and in other cases that pend in this district would be meaningless unless such data is a part of the record in this case.

The relevant data must, of course, establish the number of cases in which a defendant who was unsuccessful in a Missouri Court of Appeals has been granted leave by the Supreme Court of Missouri to file an out-of-time Rule 83.03 application for transfer by having a Rule 84.08 motion sustained, and the number in which the application for transfer is thereafter ordered and the case is heard on the merits in the Supreme Court of Missouri.

For the reasons stated, it is

ORDERED (1) that the prayer of the response that "this Court dismiss this petition without further judicial proceedings" should be and the same is hereby denied. It is further

ORDERED (2) that on or before March 6, 1987 the respondent shall file a supplemental response to this Court's order to show cause to which he shall attach the requisite documentary evidence necessary for this Court's determination of the merits of petitioner's application for federal habeas corpus. It is further

ORDERED (3) that in a separate part of the supplemental response, the respondent is granted leave to file additional data which will reflect the action of the Supreme Court of Missouri taken pursuant to Rule 84.08 and Rule 83.03 in which that court, after granting leave to file an out-of-time application for transfer, has heard and decided the merits of a defendant's direct appeal or the merits of a defendant's appeal from a State trial court's denial of Rule 27.26 post-conviction relief. If no such cases can be located, the respondent shall so state in his supplemental response.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDERS

The Attorney General has filed a supplemental response to this Court's order to show cause in accordance with the February 18, 1987 orders entered in this case after requesting and being granted an extension of time. The documentary evidence attached to the supplemental response establishes that an order denying petitioner's application for federal habeas corpus on the merits must be entered for the reasons we state in part III of this memorandum opinion. A further order will be entered denying the respondent's prayer for dismissal based on exhaustion grounds.

## I.

### A.

The supplemental response, as did the initial response, prays that the petitioner's application be dismissed without further judicial proceedings. The supplemental response, however, does no more than elaborate the untenable view of the Attorney General that this Court has power either to disregard or to overrule the Court of Appeals' controlling decision in *Powell v. Wyrick*, 657 F.2d 222 (8th Cir.1981). That reiterated prayer is made in the face of the Attorney General's recognition, expressly stated in his initial response, that the Court of Appeals definitely held in *Powell* that the filing of a Missouri Supreme Court Rule 84.08 motion "was futile and would not be required under the exhaustion statutes." We reject the respondent's prayer for dismissal on exhaustion grounds for reasons that must be stated in detail.

### B.

In apparent support of a factual argument, the Attorney General attached copies of additional minutes of the Supreme Court of Missouri's monthly conferences for the months of January 1986 through July 1986, inclusive, and for the month of February 1987, to the supplemental response. The Attorney General contends that the various minutes attached to the initial and supplemental responses "demonstrate the willingness of the Missouri Supreme Court to consider motions under Rule 84.08 numerous times during the past year."[1]

---

**1.** The supplemental response stated that the "cases have been indexed for the Court's conve-

Examination of the additional minutes attached to the supplemental response establishes, as did the minutes attached to the initial response, that the minute entries recording the Supreme Court of Missouri's refusals to order a transfer of some criminal cases from a Missouri Court of Appeals for the purpose of hearing the merits of such cases were stated in a slightly different form than those entries recording the Supreme Court of Missouri's action in refusing to order a transfer to hear the merits in a civil case and in a number of other criminal cases.

The procedural consequence of the Supreme Court of Missouri's action in both civil and criminal cases as reflected by the minute entries, however, was precisely the same in all except two cases.[2] The minute entries made between January 15, 1986 and February 17, 1987 in fourteen civil cases show that the Supreme Court of Missouri entered but a single order which simply overruled all Rule 84.08 motions for leave to file an application to transfer out of time. Identical minute entries reflecting but a single order which overruled Rule 84.08 motions to grant leave to file an out-of-time application to transfer were entered in six criminal cases during the relevant period of time.

In the remaining twenty-four criminal cases, the various minute entries reflect that the Supreme Court of Missouri simultaneously entered two orders to reflect its refusal to order transfer to hear the merits of a defendant's direct appeal or a denial of Rule 27.26 postconviction relief. Typically,

the minute entry would first state that the defendant's Rule 84.08 "motion for leave to file application to transfer out of time," from Missouri Court of Appeals, was "sustained." The same minute entry would then immediately add a second sentence which would state "application to transfer denied."

The orders entered in the various minute entries, a single order in all civil cases and a number of criminal cases and two orders entered in the remaining criminal cases, obviously reflected the refusal of the Supreme Court of Missouri to order transfer to hear the merits of a case decided by a Missouri Court of Appeals. The fact that a minute entry may show that a Rule 84.08 motion for leave to file an out-of-time application to transfer may have been granted is obviously of no procedural significance when the same minute entry reflects that the Rule 83.03 application to transfer was immediately denied.[3]

We find and conclude that the data submitted by the Attorney General does not in any way support the Attorney General's factual argument that the Court of Appeals' decision in *Powell* "is no longer accurate" and that the procedures provided by Supreme Court Rule 84.08 "can no longer be declared futile." The Attorney General's legal argument is equally untenable for the reasons we now state.

### C.

The Attorney General states on page 4 of the supplemental response that the "[r]es-

---

nience. That index can be discovered with the exhibit itself." Supp. response at 2. The Attorney General inadvertently failed to attach any "index" of the "cases." Such failure is of no moment, for the result of our independent examination of that data is stated in the text to follow.

2. *State v. Wells*, No. 68921, in which an order of transfer was entered January 13, 1987, was one of the exceptional cases identified on page 803 of our February 18, 1987 memorandum opinion. On February 17, 1987, somewhat unusual orders were entered in *State v. Kusma*, No. 69043. The minute entry stated: "App.'s motion for leave to file application to transfer, *prior to opinion,* out of time, from the Missouri Court of Appeals, Western District No. 38338, sustained. Ap-

plication to transfer sustained and cause ordered transferred." (Emphasis added). We have no information as to why the Supreme Court of Missouri ordered a transfer "prior to [an] opinion" being handed down by a Missouri Court of Appeals.

3. The Attorney General has not attempted to offer any explanation why the Supreme Court of Missouri uses one type of minute entry in some cases and another type of minute entry in other cases. Regardless of what form of minute entry is used, it is clear that the action of the Supreme Court of Missouri is the same—that court has definitely determined that it will not order transfer to hear the merits of a case decided by a Missouri Court of Appeals.

pondent realizes that this Court perceives itself under a duty to follow the Eighth Circuit's judgment in *Powell v. Wyrick.*" It is argued, however, that this Court labors under an erroneous perception. For the Attorney General reiterates his argument that this Court is not under duty to follow *Powell* because "the Eighth Circuit has changed its standard to determine futility of a state remedy." *Id.* at 5.

The supplemental response elaborates the Attorney General's notion first stated in the initial response that *Powell* has been overruled by *Snethen v. Nix*, 736 F.2d 1241 (8th Cir.1984), and *Feeney v. Auger*, 808 F.2d 1279 (8th Cir.1986).[4] The supplemental response flatly states that *Powell* "has been overturned" and that *Powell*'s standard "no longer exists." Supplemental response at 6. Further, the Attorney General argues that to the extent that *Powell*'s standard "has been utilized by the Eighth Circuit in the past, it is apparent that that standard is no longer viable under this circuit's jurisprudence," *id.* at 4, for the alleged reason that *Powell*'s standard "is not the standard of futility enunciated by the Eighth Circuit in *Snethen* and in *Feeney*." *Id.* at 5.[5]

We find and conclude that the legal argument presented by the Attorney General, based as it is on the notion that *Powell* has somehow been overruled by *Snethen* and *Feeney*, is untenable. *Powell, Snethen,*

and *Feeney* were all panel decisions. Neither the *Snethen* panel nor the *Feeney* panel came close to suggesting that *Powell* was being overruled. Indeed, the panels that decided *Snethen* and *Feeney* knew that they did not have power to overrule *Powell*, even if those panels may have believed that *Powell* was wrongfully decided. For only the Eighth Circuit sitting en banc has such power.

■ It is thus clear that until and unless *Powell* is expressly overruled by the Eighth Circuit sitting en banc, all panels of the Court of Appeals and all district courts in this circuit are under duty to follow *Powell.* That rule was most recently stated in *Drake v. Scott*, 812 F.2d 395 (8th Cir.1987) ("One panel of this Court is not at liberty to disregard a precedent handed down by another panel. Only the Court en banc can take such action."). *See also United States v. Lewellyn*, 723 F.2d 615, 616 (8th Cir.1983) ("As a panel we are without authority to modify the ... standard established in this circuit. Only the court *en banc* is empowered to change an existing rule of law.").[6]

Further discussion of the Attorney General's notion that this Court labors under an erroneous perception when it recognizes that it is under duty to follow *Powell* would be redundant.[7] We turn now to other diffi-

---

**4.** The initial response, after making reference to minutes of the Supreme Court of Missouri monthly conferences submitted therewith, stated that "[g]iven this record, it is impossible to state that there is a manifestation on the record that a state court will refuse to entertain petitioner's claim." *Snethen* and *Feeney* were cited to support the Attorney General's argument that "the petition should be dismissed to allow petitioner the opportunity to file a motion under Missouri Supreme Court Rule 84.08. That remedy can no longer be declared futile." Response at 3–4.

**5.** The Attorney General further stated in the supplemental response that *Snethen* and *Feeney* were cited in the initial response because it was believed that those cases, rather than *Powell,* "articulate the standard the Eighth Circuit applies in determining whether an available state remedy is to be considered futile." *Id.* at 4.

**6.** The same rule is stated in slightly different language in the following recent cases: *Wood-*

*ard v. Sargent*, 806 F.2d 153, 156 (8th Cir.1986); *Mizokami Brothers of Arizona v. Mobay Chemical Corp.*, 798 F.2d 1196, 1198 (8th Cir.1986); *Dudley v. Dittmer*, 795 F.2d 669, 673 (8th Cir. 1986); and *United States v. Norton*, 780 F.2d 21, 23 (8th Cir.1985).

**7.** The supplemental response also cited and attempted to rely on *Thomas v. Wyrick*, 687 F.2d 235 (8th Cir.1982), *cert. denied*, 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983), to support its untenable exhaustion argument. That case expressly noted that the Eighth Circuit had "recently reaffirmed" *Powell*'s Rule 84.08 exhaustion holding in *Adail v. Wyrick*, 671 F.2d 1218 (8th Cir.1982). *Id.* at 238. The *Thomas* court accordingly concluded that "These cases [*Powell* and *Adail*] govern our holding today that petitioner has now exhausted his state court remedies." We reiterate what we said in our February 17, 1987 memorandum opinion: *"Powell, Adail,* and *Thomas* obviously govern this Court's determination of the exhaustion question which

culties engendered by the manner in which the supplemental response was written.

## II.

### A.

The supplemental response fails to state the established standards that govern federal court review of the merits of a State prisoner habeas corpus case. Nor does the supplemental response focus on the manner in which the State postconviction proceedings were in fact conducted. Rather, attention is focused on the factual allegations made in paragraph 12 of the standard habeas corpus form upon which petitioner relied to support a legal ground for federal habeas corpus relief.

The manner in which the Attorney General presented his argument was apparently based on the notion that a federal district court has power and jurisdiction to conduct a *de novo* review of the evidence adduced at the Missouri Rule 27.26 hearing and to make its own findings of fact quite independent of the facts that have been reliably found by the courts of Missouri.

It is therefore appropriate that this Court again review the exemplary postconviction procedures cooperatively established by the courts of Missouri and by this Court which were designed to conserve the judicial time of both judicial systems.

### B.

Twenty years ago this Court stated in *Garton v. Swenson*, 266 F.Supp. 726, 731 (W.D.Mo.1967), that as a result of the Supreme Court of Missouri's January 1967 amendment of its Rule 27.26, "Missouri now has the best postconviction procedure in the Nation." Experience established

that after Rule 27.26 was amended in 1967, the trial and appellate courts of Missouri, in most instances, began to process a State prisoner's postconviction claims in a most exemplary manner that tended to eliminate friction between the State and federal courts and that conserved the judicial time of both judicial systems.

This Court was therefore requested to report to other federal courts in the country how the coordinated procedures established and followed by the Missouri courts and by this Court were being so successfully administered. That report, entitled *Postconviction Applications Viewed by a Federal Judge—Revisited* was made to the Ninth Circuit Judicial Conference in 1968 and was published in 45 F.R.D. 199 (1968).[8] In reporting on the developments in Missouri since 1967, it was stated that:

> Much of that story is told in an *en banc* opinion of our Court reported as *White v. Swenson*, W.D.Mo. *en banc* 1966, 261 F.Supp. 42. Our Court there set forth as clearly as we could the principles that would control our exercise of federal habeas corpus jurisdiction.
>
> That opinion covered in detail the doctrine of federal abstention and exhaustion of remedies, the circumstances under which we believed the exercise of federal habeas corpus jurisdiction was mandatory, and the circumstances under which an evidentiary hearing would and would not be necessary in the federal court.[9]

*Id.* at 210.

That 1968 report forecasted that "as Missouri trial and appellate judges smooth out the practical operation of their amended Rule 27.26 procedures, the federal court ordinarily will have full and complete state

---

the respondent seeks to raise in this case." Memorandum opinion at 802.

**8.** Two earlier reports of the joint efforts of the Supreme Court of Missouri and this Court to devise procedures that would conserve judicial time of the State and federal judges were published for the benefit of other State and federal courts. *See* Becker, Wm. H. *Collateral Post-Conviction Review of State and Federal Criminal Judgments on Habeas Corpus and on Section 2255 Motions—View of a District Judge,* 33

F.R.D. 452 (1963), and Oliver, John W. *Postconviction Applications Viewed by a Federal Judge,* 39 F.R.D. 281 (1965).

**9.** That report noted that this Court had attached as an appendix to its en banc decision in *White v. Swenson* "a memorandum setting forth the exhaustion principles that had been earlier agreed upon at a Conference held on April 26, 1966, between members of our Court and the Attorney General of Missouri and his staff." *Id.*

trial court findings of facts, approved by the Supreme Court of Missouri, to which, except in the most unusual case, it will be able to defer," and that accordingly, "the questions of federal law presented to the federal court will be only whether the state courts have correctly articulated and applied applicable federal constitutional standards to the facts as they have been reliably found." *Id.* at 214–15.[10]

The basic standards for federal review of the merits of a State prisoner habeas corpus case that were enunciated over twenty years ago in *White v. Swenson* have not been substantially changed by any decision of the Supreme Court. Experience has generally established that the courts of Missouri, both trial and appellate, have continued to administer Missouri Rule 27.26 in an exemplary manner in all except a decreasingly small number of cases.

Examination of the documentary evidence attached to the supplemental response filed in this case establishes that the State court postconviction proceedings were conducted in full accordance with the letter and spirit of Missouri Rule 27.26. It is indeed difficult to understand why the Attorney General did not attach the relevant documentary evidence to the initial response filed in this case and file a short and concise brief consistent with the established standards for federal court review rather than attempt to foreclose a consideration of the merits of the petitioner's federal claim.

Had that been done, this case would have been off the docket of this Court long ago without the inordinate expenditure of time that both this Court and the Attorney General have been required to spend on the

untenable exhaustion argument presented in this case.[11]

At long last, we turn to the merits of this case.

### III.

#### A.

■ The procedural history of this case in the courts of Missouri is accurately stated in part II, page 798 of our February 17, 1987 memorandum opinion and therefore need not be repeated. Petitioner's Missouri Rule 27.26 motion, prepared by employed counsel, alleged only the following two grounds for postconviction relief:

8(a) Movant's plea of guilty was not voluntarily and intelligently made because after being advised by counsel that the trial would likely end in a verdict of guilty and a substantial period of incarceration in the penitentiary; that a trial would cost movant and his family $5,000.00 more than what movant had paid counsel after assurances that such fees would cover a jury trial; that since the court would not accept an "alford" plea, movant would have to enter a plea of guilty to get probation; and counsel advised movant what to say to the court to persuade it to accept his plea, and to repeat same to the probation officer to insure probation. Movant did.

8(b) Movant was ineffectively assisted by counsel Moore who admitted to movant that he was incapable of handling movant's case alone and hired counsel Gerstle, a practicing Kansas lawyer who admitted that he was unacquainted with Missouri practice

10. That forecast, of course, simply echoed this Court's en banc determination in *White v. Swenson* that in reviewing a State prisoner federal habeas a federal district court is under duty to determine (1) "whether or not a full and fair evidentiary hearing has or has not been granted in accordance with the federal standards set forth in the trilogy" and, if the State trial court has, in fact, conducted the constitutionally required evidentiary hearing, (2) "whether the facts have been reliably found and whether applicable federal standards have been properly applied." 261 F.Supp. at 55.

11. If the Attorney General believes that the holding of a conference similar to that described in the appendix attached to *White v. Swenson, see* 261 F.Supp. at 46 and 62, would promote the efficient administration of justice in this area of the law, Chief Judge Scott O. Wright of this Court has authorized me to state that such a conference would be convened on the written request of the Attorney General. Such a request may be addressed to the undersigned judge of this Court.

and procedure, and who, together, failed to advise movant of the State's facts and case against him so that movant was without sufficient information to make intelligent decisions in this cause, and further failed adequately to advise movant of his constitutional rights or those which could have provided him with some assistance in this case.

Respondent's Exhibit H.

The 168–page transcript of the Rule 27.-26 evidentiary hearing establishes that the testimony of the petitioner and his present wife was received in evidence in support of petitioner's Rule 27.26 motion. The testimony of the two attorneys employed by petitioner to defend him against the State's charge of a class 8 felony of sodomy, section 566.060, R.S.Mo.Supp.1984, was received in evidence in opposition to the petitioner's Rule 27.26 motion.

After hearing all the evidence, the Honorable Carl D. Gum, Judge of the Circuit Court of Cass County, Missouri took the case under advisement and, approximately a month later, made his detailed findings of fact and stated his conclusions of law in accordance with the mandate of Rule 27.26. A copy of those findings and conclusions is attached as Appendix A and incorporated herein by this reference.

The Missouri Court of Appeals, in its Memorandum of reasons affirming the State trial court's denial of Missouri Rule 27.26 relief, summarized the three points stated in the Points and Authorities of Appellant's Brief.[12] That court properly concluded that "movant's points (1) and (3) raise the same issue." The single. issue raised by those two points was petitioner's claim of ineffective assistance of counsel as alleged in paragraph 8(a) of the Missouri Rule 27.26 motion. The Missouri Court of

Appeals further properly concluded that issue (2) presented the question of whether the petitioner "entered a knowing and voluntary plea of guilty" as alleged in paragraph 8(b) of petitioner's Missouri Rule 27.26 motion.

The Missouri Court of Appeals stated that "[t]his court has the record of the guilty plea and the sentence hearings and has reviewed both transcripts." Memorandum of reasons at 2. It closed its 8–page Memorandum of reasons with the statement that:

There is nothing upon this record which even suggests, let alone establishes, that movant did not enter a knowing and voluntary plea of guilty, or that his counsel rendered ineffective assistance on his behalf.

The judgment of the trial court was not clearly erroneous and is therefore in all respects affirmed.

*Id.* at 8.

The Missouri Court of Appeals' familiarity with and its appropriate application of controlling federal standards is illustrated by its finding and conclusion that:

There is nothing upon the record which even indicates, let alone establishes, that the conduct of both counsel failed to meet their responsibilities under the standard prescribed by *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979), nor that prescribed in *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984).

The rule in *Strickland, supra,* applies to guilty pleas. *See Hill v. Lockhart* [,474 U.S. 52], 106 S.Ct. 366 [,88 L.Ed.2d 203] (1985).[13]

*Id.* at 4–5.

In regard to the State trial court's finding that the petitioner's plea was knowing

---

**12.** Petitioner's *pro se* application for federal habeas corpus shows that the petitioner, as is frequently the case, copied verbatim the three points stated in the Points and Authorities section of the Appellant's Brief in the Missouri Court of Appeals, Western District, as the grounds for federal habeas corpus relief. Points (1) and (3) presented appellant's denial of effective assistance of counsel argument. Point

(2) presented appellant's argument that the guilty plea was not knowing and voluntary.

**13.** The Supreme Court of Missouri in *Seales* made direct reference to a later decision of this Court in *Garton v. Swenson,* reported in 417 F.Supp. 697 (W.D.Mo.1976), to support that court's express adoption of the Eighth Circuit's effective assistance standard as articulated in *Reynolds v. Mabry,* 574 F.2d 978 (8th Cir.1978)

and voluntary, the Missouri Court of Appeals concluded that:

> The transcript of record of the Rule 27.26 evidentiary hearing reveals that both counsel were prepared to try movant's case and that movant, the night before trial, called one of the attorneys advising that he wished to enter a plea of guilty. The record is clear as regards the understanding between movant and his counsel that the decision of a trial versus a plea was exclusively the choice of movant and that he had been fully apprised of the potential risks in a trial versus a plea.

*Id.* at 6.

The Missouri Court of Appeals further concluded that:

> The record reveals that at the plea hearing, the prosecution stated for the trial court what the state's evidence would be. In response, movant, in his own words, told the trial court what he did with regard to the commission of the offense. The record simply and directly refutes movant's contention that his counsel was ineffective by allowing him to enter a plea of guilty upon the insufficiency of the prosecution's evidence.
>
> There is nothing upon the record which even suggests, let alone establishes,

movant's claim that his counsel coerced him into entering his plea of guilty.[14] *Id.* at 6–7.

### B.

We have carefully studied the transcripts of the guilty plea proceeding and the Rule 27.26 evidentiary hearing. We have considered the State trial court's findings of fact and conclusions of law and the Missouri Court of Appeals' Memorandum of reasons affirming the State trial court's denial of Rule 27.26 postconviction relief. We find and conclude that the trial and appellate courts of Missouri properly applied the controlling federal standards to the facts reliably found in the Missouri Rule 27.26 proceedings conducted by those courts.

Accordingly, petitioner's federal claim of (1) ineffective assistance of counsel as alleged in paragraph 8(a) of his application and (2) his claim that his plea of guilty was not knowing and voluntary as alleged in paragraph 8(b) of his application must be denied. *See Robinson v. Swenson*, 331 F.Supp. 483 (W.D.Mo.1971). See also *Chambers v. Wyrick*, 531 F.Supp. 804 (W.D.Mo.1982), in which an ineffective assistance of counsel claim was denied in a short opinion after the Supreme Court of Missouri's 1979 decision in *Seales*, which expressly rejected the "farce and mockery" standard formerly applied in Missouri.[15]

and *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979).

This Court was required to write three opinions in *Garton v. Swenson*, reported in 266 F.Supp. 726 (W.D.Mo.1967), 367 F.Supp. 1355 (W.D.Mo.1973), *aff'd in part and rev'd in part*, 497 F.2d 1137 (8th Cir.1974), and 417 F.Supp. 697 (W.D.Mo.1976). This Court wrote *Goodwin v. Swenson*, 287 F.Supp. 166 (W.D.Mo.1968) in 1968, which granted habeas relief. By the time we wrote *Garton* II in 1973, the Court of Appeals had handed down a number of decisions which expressly approved the "farce and mockery" standard. Although we stated our disagreement with that rule in *Garton* II, we recognized our duty to follow the most recent decisions of our controlling Court of Appeals and denied relief. By the time, however, we wrote *Garton* III in 1976, the Court of Appeals had modified its former literal application of the "farce and mockery" standard. *Garton* III accordingly applied the newly adopted standard and granted habeas relief.

This Court's statements in *Garton* II and *Garton* III in regard to its duty to follow a control-

ling Court of Appeals decision are directly applicable to this case.

**14.** The Missouri Court of Appeals later added that "[t]here is absolutely no evidence that the advice of counsel regarding 'what to say' either coerced movant to enter his plea or persuaded the trial court to accept his plea." *Id.* at 8.

**15.** In *Chambers*, this Court concluded in 1982 that "[u]nder the current Eighth Circuit rule, . . . a defendant, in order to prevail on an ineffective assistance of counsel claim, must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was prejudiced thereby." 531 F.Supp. at 807 n. 3.

*Strickland v. Washington, supra*, decided in 1984, resolved an existing conflict in the cases and made clear that the Eighth Circuit had correctly anticipated that a State prisoner must establish both (1) ineffective assistance of counsel and (2) prejudice in order to prevail on a

There is no need to examine whether petitioner may have been prejudiced by the performance of his counsel in this case for the reason we have concluded that the State courts reliably found that petitioner's counsel rendered effective assistance under the controlling federal standards.

For the reasons stated, it is accordingly

ORDERED (1) that the respondent's prayer that this Court dismiss this petition without further judicial proceedings, as reiterated in the supplemental response, should be and the same is hereby denied. It is further

ORDERED (2) that petitioner's application for federal habeas corpus should be and the same is hereby denied on the merits. It is further

ORDERED (3) that the Clerk shall promptly enter final judgment on a separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure which shall recite the substance of both Order (1) and Order (2) this day entered.

### APPENDIX A

Paul Earnest Fisher, Movant,

vs.

State of Missouri, Respondent.

No. CV 185–224CC

Circuit Court of Cass County, Missouri, at Harrisonville Division I.

### JUDGMENT ENTRY

Now on this 21st day of August, 1985, the Court enters its Judgment Entry, Findings of Fact and Conclusions of Law in accordance with the evidence presented on July 19, 1985, and consistent with the findings of the Court on that date.

On the 19th day of July, 1985, the Movant, Paul Ernest Fisher, appeared in person and by his retained counsel, John Lozano.

The State of Missouri was represented by Assistant Prosecuting Attorney, William Stilley. Evidence was presented. After consideration of all evidence presented by both the Movant and the State of Missouri, the testimony of the Movant and the testimony of his former attorneys the Court specifically finds that the allegations contained in Paragraph 8(a) are not supported by the evidence. The Court specifically finds that the movant was fully advised by his counsel and the Court specifically finds that the attorneys for the Movant did not advise or direct the Movant to take a particular course of action. The Court specifically finds that the attorneys for the Movant did not tell the Movant what to say to the Court to persuade it to accept his plea and to repeat same to the probation officer to insure probation. The Court specifically finds that the testimony of the Movant was not credible and after carefully observing the Movant and his testimony, the Court is convinced that the testimony of the Movant as to Paragraph 8(a) is not believable. After carefully observing the testimony of both attorneys and comparing the testimony of the Movant and the attorneys to the recorded transcript of the plea and sentencing, the Court is convinced beyond a reasonable doubt that the attorneys who represented the Movant in this case in all criminal proceedings were truthful and forthright with the Court and their testimony is born out by the transcripts of the plea and the sentencing hearings.

With regard to Movant's allegations in 8(b) of his 27.26 Motion, the Court finds that the Movant's allegations are not true and finds against Movant on all allegations contained in 8(b) of Movant's Motion. The Court specifically finds that Mr. John Gerstle, a member of the bar of the State of Kansas, is an experienced trial lawyer who has defended criminal cases in the State of Missouri on previous occasions and is familiar with Missouri practice and procedure. The Court specifically finds that Mr. Gers-

Sixth Amendment claim. *See also Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), which held that "the two-part *Strickland* *v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

tle and Mr. Darrell Moore, the attorney who the Movant originally retained to represent him in this case, did in fact fully advise the Movant of the facts and the case against him and did adequately advise the Movant of his constitutional rights. The Court specifically finds that the Movant was advised in full of all possibilities with regard to disposition of this case and all facts necessary for the Movant to make an intelligent and informed decision as to whether or not he wanted to enter a plea of guilty, demand a jury trial or a trial before the Court. The Court specifically finds that the Movant at the time of entering the plea of guilty to the crime of sodomy stated facts sufficient to establish that he did in fact commit such crime. The Court further finds that the Movant was advised of the constitutional rights that he was waiving or giving up by entering such a plea and that the plea of the defendant was given freely and voluntarily with a full understanding of the charge pending against him, the range of punishment that the charge carried and all ramifications of entering such a plea. The Court finds that the statement by the Movant at the time he entered the plea detailing to the Court what he did that made him think that he was a guilty person was credible and believable, and that the Movant repeated the identical story to the probation and parole officer at the time that the presentence investigation was being prepared. The Court finds that it was only after the Movant was sentenced and the Movant disagreed with the severity of the sentence that the Movant came forward to state that he had perjured himself before the Court at the time the plea was entered and had lied to the probation and parole officer. The Court specifically finds that the testimony of the Movant in this case is not believable with regard to the facts alleged in this motion filed pursuant to Supreme Court Rules of Criminal Procedure 27.26, and the Court denies the relief requested in said motion.

Costs to be taxed to the Movant.

/s/ Carl D. Gum

CARL D. GUM
Circuit Judge
17th Judicial Circuit
Division I